[Civ. No. 7742. Second Appellate District, Division One.—March 21, 1933.]

LLOYD WALLNER, Respondent, v. PICKWICK STAGES SYSTEM (a Corporation), Appellant.

DeForrest Home, Warren E. Libby, William A. Sherwin, Harry C. Lucas and B. P. Gibbs for Appellant.

Walter I. Lyon and George P. Kinkle for Respondent.

CONREY, P. J.—On motion to dismiss appeal or affirm judgment under rule V, section 3. Pursuant to the verdict of a jury, plaintiff was awarded damages for personal injuries caused by negligence of the defendant.

The only assignments of error are: *One,* that the court erred in ruling as a matter of law that the plaintiff was not guilty of contributory negligence at the time of the happening of the accident, and in instructing the jury to the same effect. *Two,* that the court erred in giving to the jury instructions which assumed the absence of contributory negligence, and peremptorily instructing the jury to return a verdict in favor of the plaintiff in the event they found that defendant was negligent and that such negligence proximately contributed to the happening of the accident. *Three,* that the court erred in giving an instruction defining the conditions under which the jury should bring in a verdict for the plaintiff, and in omitting from such instruction the element of *proximate cause.*

On the first point, I think it is plainly true that there was no evidence tending to prove negligence on the

part of the plaintiff. Appellant's own statement of the facts, as well as the more complete record, fails to show any facts from which such negligence could reasonably be inferred. The manner of the accident was as follows: Defendant's bus struck the left front of a truck which was standing on the east side of Alameda Street, its front right wheel being within a foot of the curb, and the rear wheel within two feet of the curb. The plaintiff was standing alongside the right front wheel of the truck, having one of his feet on the curb and the other on the street between the curb and the truck. This truck had been stopped at that place because of a broken tie-rod. Plaintiff's employer had been requested to repair the truck and the plaintiff had just finished an examination of a part of the truck. At that moment the bus came by and hit the truck in such a way that the right front wheel of the truck rolled upon the foot of the plaintiff. It seems to us that there was very slight excuse for the plea of contributory negligence in this case.

The second point is determined by the first. ■■■ As to the third point: It is true that the criticised instruction is defective in omitting the element of proximate cause in the relation between defendant's negligence and the plaintiff's injury. But inasmuch as the rule concerning the element of proximate cause was stated by the court at least half a dozen times in the instructions given, it cannot very well be that the failure to repeat the statement in this instruction was a prejudicial error. The jury was instructed in so many words that "unless the plaintiff convinces you by preponderance of the evidence that the accident was proximately caused by the negligence of the driver of defendant's stage, your verdict must be for the defendants".

All of these things appear so clearly that, in the absence of any other stated ground of appeal, we think the motion to affirm should be granted. The judgment is affirmed.

Houser, J., and York, J., concurred.