[Civ. No. 9064.   Second Appellate District, Division Two.—February 11, 1935.]

HAROLD EVERTS, Respondent, v. MAX ROSENBERG, Appellant.

Lee A. Solomon for Appellant.

No appearance for Respondent.

CRAIL, J.—This is an appeal by defendant from a verdict and judgment in favor of plaintiff (respondent) in an ac-

tion for damages arising out of a collision of automobiles. Plaintiff was driving north while defendant was driving east, both approaching an intersection of two streets. The cars collided at the intersection, the left rear portion of plaintiff's car being struck by the front of defendant's car.

■ Appellant contends that plaintiff was guilty of contributory negligence as a matter of law because he placed himself in a position of known danger, but argues mainly that although plaintiff had the right of way he was not thereby relieved from exercising reasonable care. However, he admits eventually on page 14 of his brief that "the evidence in the instant case was exceedingly close upon the question of contributory negligence, and . . . was a question solely for the jury", so that appellant himself disposes of this contention for us.

■ Appellant next contends that "it was error for the court to instruct the jury that the allegation of contributory negligence 'presupposes' negligence on the part of the defendant pleading it". The term "presupposes" is synonymous with "implies" and in 19 Cal. Jur. 647, we find the following, which is supported by numerous citations: " . . . the doctrine (contributory negligence) implies that there is some negligence on the part of the defendant". The word "presupposes" is as often used in the cases as the word "implies". The instruction is accurate in law; but we do not recommend it because there is a possibility that the jury may infer from the instruction that the defendant by pleading contributory negligence is admitting his own negligence. Such possibility is slight and instructions similar to the one complained of have been consistently upheld by the appellate courts of this state. (*Wiezorek* v. *Ferris,* 176 Cal. 353 [167 Pac. 234] ; *Linforth* v. *San Francisco Gas & Elec. Co.,* 156 Cal. 58 [19 Ann. Cas. 1230, 103 Pac. 320] ; *Slaughter* v. *Goldberg, Bowen & Co.,* 26 Cal. App. 318 [147 Pac. 90].)

■ Appellant finally contends that it was error for the court to instruct the jury that the violation of any of the provisions of section 113, subdivision a, or section 131, subdivision a, of the California Vehicle Act was negligence as a matter of law, "unless they were further instructed that such negligence must proximately contribute to the occurrence". This contention is disposed of by the fact that the court did instruct the jury in substance as follows: If

you find that the defendant was negligent in the operation of his automobile but that ''such negligence did not directly and proximately cause the accident, . . . then your verdict will be for the defendant''.

Judgment affirmed.

Stephens, P. J., and Scott, J., *pro tem.*, concurred.