[Civ. No. 14542.   Second Dist., Div. Three.   Mar. 14, 1945.]

DANIEL C. PETERSEN, Appellant, v. ANDY DEVINE et al., Respondents.

388

Wolfson, Swetow & Essey for Appellant.

Forrest A. Betts for Respondents.

SHINN, J.—This is an action for personal injuries sustained by plaintiff when the rear end of his automobile was struck by a car driven by defendant traveling in the same direction. Judgment upon a verdict for defendant was entered and plaintiff appeals. Plaintiff was driving on the highway a few miles south of Lone Pine, Inyo County. He overtook a man and a child walking northerly along the edge of the highway, slowed down or stopped in order to give them a ride, which they declined, when his car was struck by that of defendant which approached from the rear. They were on a two-lane highway marked in the center by white lines. Plaintiff's contentions are that the verdict was not justified by the evidence and that the jury were erroneously instructed. We shall notice first the argument which is directed to the giving of five instructions on contributory negligence and in this connection will have occasion to refer to portions of the evidence.

It is insisted by plaintiff that there was no evidence which would have warranted the jury in finding that plaintiff

was in any respect guilty of contributory negligence, and that the giving of the instructions was prejudicially erroneous. The first instruction complained of instructed the jury that they could not apply the doctrine of comparative negligence. The second one placed the burden of proof of contributory negligence upon the defendant and stated that the defense would be made out if it was proved by a preponderance of evidence that plaintiff was negligent and that such negligence contributed in some degree as a proximate cause of the injuries. The third instruction stated the imminent peril doctrine, but without indication that it might apply to the conduct of one party more than to that of the other. The fourth instruction stated the issues in the case, among them the issue of contributory negligence, and the fifth one stated the requirement that one who stops or suddenly decreases speed on a highway shall give a hand signal to a driver immediately to the rear. All of these instructions were correct statements of the law.

The accident happened in daylight hours. Plaintiff testified that as he was driving north he observed the defendant's car behind him "quite far back" maybe half a mile or so"; that as he got within 100 feet or 100 yards "or something like that" of the man and child he honked his horn to see if they wanted a ride, but the man motioned with his hand, indicating for him to go ahead; that he, plaintiff, did not lean out of the car and that he had traveled a little way past the pedestrians when his car was struck from behind, and that he might have taken his foot off the throttle and decreased his speed to see whether he "was going to make a stop or not," and he testified, "I wasn't going to make a stop. He gave me the sign to go ahead and it seemed something hit me. . . . " He testified further that the highway was level, that if there were any dips in it he did not see them, and that he gave no signal of his intention to slow down or stop. Defendant testified that he was driving at 40 miles an hour and had followed plaintiff for four or five miles, gradually drawing closer to him; that the road south of the impact was "dippy, sort of like a roller coaster but not as severe," and that "this continues for a mile, a mile and a half or two or three miles"; that as he came over one dip, he saw plaintiff going into another one and as he, defendant, went into the next dip, he would lose sight of

plaintiff, who would appear at the top of the next dip; that as he, defendant, came out of dip No. 1, plaintiff was starting into dip No. 2, and that as he came out of dip No. 2, he saw plaintiff's car either parked in the middle of the highway or going very slowly; that he saw the man and little girl standing at the side of the road and that in order to drive past plaintiff's car he would have had to drive over the middle line; that at this time plaintiff's car was about 60 feet away when he first noticed it; that he then observed another car coming south within 200 feet of plaintiff's car and that he either had to hit that car head on or hit plaintiff's car; that he was going approximately 45 miles an hour when he struck plaintiff's car; that plaintiff was leaning over, facing the pedestrian and they were talking to each other, and that the point of impact was where the pedestrian was standing. The pedestrian, Mr. Leahy, testified that when he heard plaintiff's car, he motioned over his left shoulder for the car to proceed on; that he had seen defendant's car approximately a half or three-quarters of a mile down the highway and saw it next immediately before the crash and he testified, "It looked like it was going across the road towards me. That was my impression of it"; that the Petersen car was then going north on the right-hand side of the road. He testified that he did not believe plaintiff was leaning toward him and that he did not notice any other cars at that time going either north or south. This is the substance of the testimony quoted in plaintiff's brief and of which it is said, "From the foregoing evidence, which we believe thoroughly reflects the entire situation, we submit that the verdict is contrary to the evidence and that there is no evidence of contributory negligence on the part of the appellant."

The further contention is made that the defense of contributory negligence was not sufficiently pleaded. It does not appear that objection was made to the sufficiency of the pleading of this special defense and it appears to us to be sufficient.

We are of the opinion that the evidence was not such as to preclude a finding of contributory negligence. In the view of the evidence which tends to support the verdict, it would appear that defendant had been driving with plaintiff's car in view ahead of him for four or five miles and at a speed not greatly in excess of that of plaintiff, who testified that he had been driving about 35 miles per hour. Plaintiff testified

that the last time he looked, defendant's car was perhaps a half mile or a mile behind him. From the circumstances of the accident it would appear that the car of defendant was not a great distance away, and that plaintiff made no effort to ascertain how far away it was, just before he slowed down or stopped. His car was in the middle of the highway or close to it when it was struck and plaintiff had made no effort to pull to the right into a safer position. It was shown by the photographs in evidence that there was a wide shoulder to the right, and it did not appear that plaintiff could not have driven onto it either in front of or behind the pedestrian.

The Owens Valley country is one of long distances. The highway in question is well surfaced and is conducive to swift travel. This fact was one which plaintiff should have taken into consideration before bringing his car to a stop or suddenly decreasing its speed. If the jury had believed that plaintiff, in the exercise of ordinary care, should have looked behind to see what was to the rear, immediately before he slowed down or stopped, or that, failing to do so, he should have pulled off the paved portion of the highway, we could not say as a matter of law that such belief would have been unjustified.

In this same connection we may consider the further claim that it was error to instruct the jury in the language of sections 544 and 546 of the Vehicle Code, which require the giving of a hand signal to the driver of a vehicle immediately to the rear before stopping or suddenly decreasing speed on the highway. Plaintiff's argument assumes that the jury accepted as literally true the testimony of defendant to the effect that he was driving at 45 miles per hour and that when he came out of a dip in the highway he suddenly discovered plaintiff's car stopped on the highway only 60 feet away. It is claimed that under these circumstances the failure to give a signal could not have been a proximate cause of the accident, for the reason that defendant would not have observed the signal in time to avoid the accident. If the rate of speed, the distance, and the abrupt dips in the highway, as estimated and described by defendant, had been demonstrated facts, it could have been argued with much force that the instruction should not have been given, for the reason that the failure to give a signal could not have been a proximate cause of the accident. But we think it is clear that the jury could not have accepted

defendant's testimony that plaintiff's car was hidden from his view until he was within about 60 feet of it. The most convincing evidence as to the condition of the highway consisted of photographs, which clearly portrayed the vicinity of the accident immediately to the north and to the south and also the skid marks left by defendant's car. It is not questioned that the pictures truly depict the highway in the vicinity of the collision. They conclusively prove that plaintiff was seriously mistaken when he testified that the highway was level, and that defendant was equally in error in testifying, in effect, that plaintiff's car was hidden from view until he approached within 60 feet of it. The pictures showed dips in the highway but they were not by any means as extreme as defendant's testimony would indicate. Upon the contrary, it clearly appeared that a car at the point of the accident would have been in view of a driver for several hundred feet as he approached from the south. Unless the jury disregarded the photographs altogether, they must have believed that plaintiff's car was in sight of defendant for considerably more than 60 feet immediately before the accident.

It is the duty of the court to instruct as to each principle of law which may be applied properly to any material set of facts reasonably deducible from the evidence. The jury could have accepted the circumstantial evidence in preference to that of either of the parties and it was proper to instruct them on theories which might be based upon the circumstantial evidence. It would have been reasonable to believe that defendant had ample time to stop his car after plaintiff slowed down and that he might have done so if he had realized that plaintiff was about to slow down or stop. The failure to give the signal might have been a proximate cause of the accident, depending upon the view the jury took of the facts. The court had to take into consideration that the jury might believe that the accident did not occur in the exact manner described by either of the parties. These instructions on contributory negligence would have been improper only in case a finding of contributory negligence would have been unsupported by the evidence. Such a finding would have had substantial support.

We conclude that it was not error to instruct upon the doctrine of sudden peril. Plaintiff's testimony was that he decreased his speed slightly, if at all. This is contradicted by the mere fact that the collision occurred. There was evidence

to indicate that plaintiff slowed down suddenly, if he did not stop altogether.  In this situation, especially where the driver gives no signal, drivers of cars which are following closely are placed in a position of immediate danger.  Defendant's danger was the more imminent because the approach of the car from the north prevented his turning onto the left half of the highway.  In view of the evidence which we have related, and the reasonable inferences that might be drawn therefrom, we think it was proper to give the instruction on imminent peril.

The judgment is affirmed.

Desmond, P. J., and Wood (Parker), J., concurred.