[Civ. No. 13147.   First Dist., Div. One.   Dec. 5, 1946.]

MIGUEL RODRIGUEZ et al., Respondents, v. SAVAGE TRANSPORTATION CO. (a Corporation) et al., Appellants.

(Two cases.)

Hoge, Pelton & Gunther, Richard A. Boyd, William C. Theile, Cooley, Crowley and Gaither & Dana for Appellants.

Anthony Brazil for Respondents.

PETERS, P. J.—The plaintiffs filed two actions against the Savage Transportation Company and its truck driver Phillips, and the Coast Line Truck Service, Inc. and its truck driver Seaton, for damages for personal injuries, property damage and for the death of a minor child growing out of an accident alleged to have been caused by the negligence of defendants. The actions were consolidated for trial and tried before the court without a jury. The trial court found that the drivers of both trucks were negligent, that their negligence was concurrent, and that such concurrent negligence proximately caused the accident, and entered its judgments accordingly. From these judgments both sets of defendants appeal, each claiming that the accident was proximately caused by the negligence of the other, and that the evidence shows, as a matter of law, that it was not negligent. On these appeals no contention is or could be made that the plaintiffs were guilty of contributory negligence. No charge is made that the judgments are excessive. There is no merit in either appeal.

The accident occurred on June 5, 1945, at about 7:30 a. m. about three miles south of Salinas on Highway 101, one of the main north-south highways. At the scene of the collision the highway is straight, is paved, has two lanes and runs north

and south. It is about 20 feet wide and has the usual white line down the center. It has a 6-foot shoulder on the east side, and a 14-foot 8-inch shoulder on the west. On the morning of the accident the weather was clear and the highway was dry.

The Rodriguez family was proceeding south on this highway, on their own side of the white line, at about a speed of 25 miles per hour in a Chevrolet sedan. The two trucks involved were proceeding north, one behind the other, when the truck of the Savage Transportation Company driven by Phillips admittedly cut across from the east to the west side of the highway and ran into the automobile in which the plaintiffs were riding. The collision occurred on the western edge of the highway. As a result of the accident one of the children, Marguerita by name, was killed, both parents suffered serious injuries, two of the other children were hurt, and the Chevrolet sedan was demolished.

Just prior to the accident there were five large trucks proceeding northerly toward Salinas, each on its own or east side of the highway. The first two trucks belonged to the Baker Company. That company is not a party to these actions. The third truck belonged to the defendant Coast Line Truck Service, Inc., and was being driven by defendant Seaton. The fourth truck was owned by the Savage Transportation Company and was being driven by the defendant Phillips. The fifth truck also belonged to the Savage Transportation Company and was being driven by one Collier. The two trucks here involved, the trucks being driven by Seaton and Phillips, were large equipment and were heavily loaded. Seaton was driving a Kenworth tractor and semi-trailer with a gross weight of about 66,000 pounds, while Phillips was driving a Western Diesel truck and semi-trailer with a gross weight of about 55,000 pounds. Seaton's truck was equipped with a mechanical arm signal.

The evidence shows that just prior to the accident the second Baker truck was proceeding north at about 40 miles per hour and about 300 feet behind the first Baker truck. Seaton was following the second Baker truck at a distance of about 60 or 70 feet. He, too, was proceeding at about 40 miles per hour. Phillips was following the Seaton truck at about a distance of 50 feet and going about 45 miles per hour. Trailing Phillips at about 400 feet was the other Savage truck.

Both Seaton and Phillips testified that the reason they were so close to the truck directly in front of them was that each

had intended to pass the truck in front, and when they were prevented from doing so by oncoming vehicles, they closed up to these distances.

The driver of the second Baker truck testified that he observed Seaton trying to pass and warned him by a flicker of his lights that there was not a proper clearance; that Seaton then fell in behind him about 100 feet and remained there for about two blocks; that he was then going about 40 miles per hour; that the driver of the first Baker truck then slowed up, and he had to put on his brakes pretty hard and slowed down to about 25 or 30 miles per hour; that he did not signal his intention to slow down because he did not have time to do so; that at no time did he slow down to below 25 or 30 miles per hour.

Seaton testified that the second Baker truck was going about 40 miles per hour when he, Seaton, swung to the left to see if he could pass; that he saw a car approaching and swung back in line; that he put on his brakes and intended to slow down; that the Baker truck started to slow down rapidly when he was but 60 or 70 feet behind it; that he put on his brakes gradually; that he came up to within two or three feet of the Baker truck and by then had slowed to about 30; that at no time, prior to the accident, did he slow to below 30; that when he heard the noise of the collision he proceeded about 100 feet and stopped; that he did not know whether or not he gave a signal that he was slowing down; that just prior to the accident he did not know how close Phillips was following him.

Phillips testified that between two to three short blocks from the scene of the accident, and while he was about 150 feet from Seaton's truck, he pulled out to the left to see if he could pass Seaton; that because of approaching cars he pulled back into line; that he took his foot off the gas and closed to within 50 feet of Seaton's truck; that he was then going between 40 or 50 miles per hour; that he followed the Seaton truck for about a block and then observed smoke coming from Seaton's tires; that he then applied his brakes hard; that Seaton's truck almost stopped; that as he approached Seaton's truck his brake pedal was down to the floor; that it takes a second or so for air brakes to take hold; that he saw he was going to hit Seaton's truck; that he pulled over to the left to avoid hitting Seaton; that he was then going about 25 or 30 miles per hour; that he missed Seaton's truck by only two feet; that he swung over towards the shoulder on the west side of the highway in the hope that the oncoming vehicle would pass between

Seaton's truck and his own; that he collided with plaintiffs' automobile on the west shoulder of the highway; that Seaton was when he observed smoke from the tires on Seaton's truck; that his truck was in overdrive at the time of the accident; gave no signal, by hand or otherwise, that he was about to slow down; that the first he knew Seaton was slowing down that his top speed in overdrive would be between 48 to 52 miles per hour. Why Phillips did not try to pass Seaton on the right does not appear.

Members of the highway patrol who arrived at the scene shortly after the accident testified that they measured the skid marks leading to Phillips' truck; that they were 56 feet long from their start to the center of the highway and 46 feet long from there to the point of impact, and from there 153 feet to the front of the stopped truck; that the skid marks from Seaton's truck were 100 feet long.

Each defendant trucking company contends that the evidence shows that its driver was not negligent and that the negligence of the other driver was the proximate cause of the accident. While the trial court might have found that the negligence of either Seaton or Phillips was the sole proximate cause, the evidence does not compel that conclusion. The evidence more reasonably sustains the findings not only that both were negligent, but that such negligence was concurrent and that both proximately caused the accident. The difficulty with the arguments advanced by each set of defendants is that they disregard the reasonable inferences from the evidence adverse to them. The rule is too well settled to require citation of authority that the power of an appellate court begins and ends with a determination as to whether the findings are supported by substantial evidence, contradicted or uncontradicted, or by reasonable inferences from that evidence. It is equally well settled that the question of proximate cause is normally one of fact. It is quite clear, from the above summary of the evidence, that the trial court was amply justified in inferring that the collision was proximately caused by the fact that Seaton and Phillips, at the speeds at which they were traveling, were both driving too close to the trucks ahead of them. As a result, when the Baker truck slowed down neither Seaton nor Phillips had sufficient room to slow down gradually.

Defendants Savage Transportation Company and Phillips contend that the sole proximate cause of the accident was Seaton's failure to give a signal of his intention to slow down,

which these appellants contend violated section 544(c) of the Vehicle Code requiring all operators of vehicles who suddenly slow down to give the appropriate signal "when there is opportunity to give such signal." The inferences to be indulged in on this issue were for the trial court. It is a reasonable inference that Seaton did not have time to signal, and that even if he did, Phillips was coming so fast and was so close that the accident would have ocurred even if the signal had been given. Moreover, while the trial judge might have determined that the failure to give the signal was negligence on the part of Seaton, he also was entitled to infer that Phillips was negligent in traveling so fast and so close to Seaton, and that both acts of negligence concurred in causing the accident. It is obvious that whether or not the violation of section 544(c), assuming there was a violation, was the sole proximate cause of the accident was a question of fact for the trial court. (*Hardin* v. *Sutherland,* 106 Cal.App. 473 [289 P. 900].)

This same set of defendants argue that Phillips was not negligent. To arrive at this conclusion these defendants assume that Phillips was proceeding in a reasonable manner just prior to the accident. Based on this erroneous premise, they then argue that Phillips was faced with a sudden peril and that his course of conduct was reasonable and prudent under the circumstances. The evidence already reviewed, and the comments already made, sufficiently indicate the unsoundness of this argument.

Defendants Coast Line Truck Service, Inc., and Seaton argue that not only was Seaton not negligent, but even if he were, the negligence of Phillips—his excessive speed under the circumstances, his lack of proper control, and his failure to drive onto the right shoulder when he knew traffic was approaching—constituted an intervening cause that broke the chain of causation.

So far as the negligence of Seaton is concerned, little need be said. Not only did he fail to give a signal, but the trial court was justified in finding that he was guilty of other acts of negligence. He followed the Baker truck at 60 to 70 feet on a busy highway at a speed of 40 miles per hour. In so doing, the trial court was justified in finding that he, as well as Phillips, violated section 531 of the Vehicle Code. Subdivision (a) of that section provides that: "The driver

of a motor vehicle shall not follow another vehicle closer than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon, and the condition of, the roadway." It is true that subdivision (b) provides in part that: "The provisions of this subdivision shall not prevent overtaking and passing," but, under the facts set forth, it is obvious that the trial court could reasonably infer that both Seaton and Phillips were not only traveling too fast, considering the conditions then existing, but also that both had ample and reasonable opportunity to slow down and space their trucks in a safe fashion after learning they could not pass. As to Seaton, there is testimony that after he discovered that he could not pass he fell behind the Baker truck about 100 feet and remained there for two blocks. He obviously had sufficient time to slow down gradually and still keep a safe distance from the vehicle ahead. Instead, he kept going at 40 miles per hour and closed to within 60 to 70 feet of the rear of the Baker truck. These facts support the finding that he was negligent regardless of whether he could or should have signalled his intention to stop.

The negligence of Phillips in violating the above section is obvious. He swung out to see if he could pass while about 150 feet from Seaton's truck, at which time he was about 2 or 3 blocks from the accident. There is evidence that he was then going 45 or more miles an hour and closed to within 50 feet of Seaton's truck, at which distance he followed Seaton for about a block before he observed smoke from Seaton's tires. The facts speak for themselves.

There is no merit in the contention that the negligence of Phillips was an intervening act that, as a matter of law, broke the chain of causation. Seaton's negligence as found continued right up to the moment of the collision. An independent act of negligence that will break the chain of causation must be so disconnected in time and nature to make it plain that the damage was in no way a natural or probable consequence of the original wrong or omission. (See many cases collected 19 Cal.Jur. p. 570, § 19, and supplements.) Where the question is reasonably debatable the issue is not one of law but of fact for the trier of the fact.

The facts of this case present a classic example of concurrent negligence. The proper rule applicable is stated in *Herron* v. *Smith Bros., Inc.*, 116 Cal.App. 518, 528 [2 P.2d 1012], in quoting from the case of *Sawdey* v. *Producers' Milk Co.*, 107

Cal.App. 467 [290 P. 684], as follows: " 'The mere fact that one of several concurring causes may not have been reasonably anticipated is not enough to shield from liability him who sets in motion the other; for it is well settled that the negligence complained of need not be the sole cause of the injury. It is enough to show that it is the proximate concurring cause; that is, one that was so efficient in causation that, but for it, the injury would not have occurred.' "

The judgments appealed from are affirmed.

Ward, J., and Schottky, J. pro tem., concurred.