[L. A. No. 21829.   In Bank.   Apr. 27, 1951.]

GEORGE W. LANDRUM et al., Appellants, v. CHARLIE
MILLER SEVERIN, Respondent.

Samuel Maidman and David H. Paltun for Appellants.

Chase, Rotchford, Downen & Drukker and Richard T. Drukker for Respondent.

EDMONDS, J.—The appeal from a judgment in favor of Charlie M. Severin in an action for the recovery of damages assertedly sustained at the time of the collision of two automobiles, principally concerns the applicability of section 531(a) of the Vehicle Code. That statute fixes a rule of conduct for a driver following another automobile. The car driven by George W. Landrum collided with the one operated by Severin, who was making a left turn in front of it. Landrum contends that it was prejudicial error for the court, at the request of Severin, to instruct the jury in the terms of the statute.

The record shows that Landrum was traveling north in the inside lane of San Fernando Road. Severin approached the intersection of Roxford Street from the opposite direction. When approximately 100 feet from the intersection, he gave a hand signal for a left turn onto Roxford Street. He had then slowed his car to a speed of 15 or 18 miles per hour.

According to the evidence, in approaching Roxford Street, Landrum was following another automobile at a distance of 15 to 17 feet. The speed of his automobile was 20 to 35 miles per hour. The car ahead of his proceeded through the intersection, passing behind the Severin automobile which was then struck by Landrum's car.

Upon request of Severin, the jury was instructed that, as provided by the California Vehicle Code, "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon, and the condition of, the roadway." Landrum takes the position that this instruction was prejudicially erroneous because: (1) There is

no evidence showing a violation of the section by him; (2) There was no showing that violation of the section proximately contributed to the collision; and (3) The instruction was not conditioned by one respecting proximate cause. It is also argued that the trial court abused its discretion in denying the motion for a new trial made upon the ground of newly discovered evidence.

Landrum asserts that the only evidence concerning his car with relation to the vehicle preceding it related to a time prior to reaching the intersection. According to him, he was then driving at a speed of 25 to 30 miles per hour and a much greater distance behind the vehicle preceding him than one car length. As he reached the intersection of Roxford Street, the automobile in front of him slowed down a little. He immediately lessened the speed of his car, he said, so that the gap between them decreased to a car length when he reached the intersection.

This version of what occurred is not supported by the record. At the trial, Landrum testified, ". . . as I approached the intersection of Roxford, the car just ahead of me at that particular moment was just about the length of a car." He also told the jury that he was then traveling at a speed of from 20 to 35 miles per hour.

In addition to the testimony concerning the distance between the two vehicles and the speed of the Landrum automobile, there was evidence relating to the existing traffic conditions and the nature of the roadway. It was for the jury to determine whether, considering all of these circumstances, Landrum was driving his car at a distance behind the one ahead of him which was less than was reasonable and prudent. The space between vehicles may be such that, as a matter of law, there was or was not a violation of the statute. But the present case does not come within that category.

In *Lewis* v. *Western Truck Line*, 44 Cal.App.2d 455 [112 P.2d 747], some witnesses estimated the distance between the two vehicles as being between 100 and 200 feet, and their speed at 28 or 30 miles per hour. The collision occurred upon a highway, not a city street. An instruction in the words of the statute was held proper. The record in *Rodriguez* v. *Savage Transportation Co.*, 77 Cal.App.2d 162 [175 P.2d 37], shows testimony that the distance between the second and third truck was 60 feet and the speed of the third truck 40 miles per hour. The fourth truck, traveling at 45 miles per hour, was following at a distance of 50 feet.

By the instruction challenged in the present case, the question as to Landrum's conduct properly was left to the jury. In view of all of the circumstances, it cannot be said that there is insufficient evidence to support the implied finding of a violation of the quoted statute.

Concerning the causal connection between the violation of section 531(a) and the collision, the record shows that as Landrum approached the intersection, the lead vehicle "slowed down rather rapidly." Landrum said that he then decreased his speed and tried to see what was ahead of the car preceding him. He was unable to do so either by looking to the left of it or through its rear window and windshield. He also testified that he thought the automobile was slowing down to allow another vehicle "to make some movement" or "him making a turn." It is undisputed that the lead vehicle then traveled through the intersection and safely passed to the rear of the Severin automobile, which had crossed the inside lane for northbound traffic after completing a left turn. At this point, Landrum saw the Severin car for the first time. "Just as I saw . . . [it] in front of me in my lane there," Landrum testified, "then I put on . . . [the brakes with] full force. . . . It skid me right into it."

The record does not clearly indicate the events which transpired just prior to the collision. Counsel for Severin argue that, as the lead vehicle decreased its speed, Landrum was required to turn sharply to the right to avoid a rear-end collision. In doing so the Landrum automobile passed into the outside lane where it collided with the one driven by Severin.

There is no direct evidence that the accident occurred in this way. It is clear from the record that the point of impact was in the outside lane, near the easterly curb of San Fernando Road. The Severin automobile was struck on the right front portion. Landrum offered no explanation of how his automobile came to be in the outside lane, but testified that he did not attempt to "go to the right" of the automobile preceding him. However, his automobile moved from the inside to the outside lane.

The evidence also clearly shows that Landrum was unable to see the Severin automobile until the car which he was following had passed into the intersection. A reasonable inference from this evidence is that, had Landrum been following at a reasonable and prudent distance, he would have seen the Severin automobile in time to avert a collision. This

record affords substantial basis for a conclusion that his conduct in following another vehicle so closely as not to have a sufficient view of the roadway ahead to proceed safely was a direct and proximate cause of the accident.

Landrum argues that the giving of the instruction on section 531(a) of the Vehicle Code was error because it did not include any statement of the rule as to proximate cause. However, as a part of its charge, the court fully instructed the jury upon the meaning of proximate cause and the requirement that negligence must proximately contribute to the injury. Under such circumstances, the failure to repeat the statement in a particular instruction concerning the duty of a party was not prejudicial error. (*Everts* v. *Rosenberg,* 4 Cal.App.2d 500 [41 P.2d 166] ; *Wallner* v. *Pickwick Stages System,* 130 Cal.App. 472 [20 P.2d 90].)

The final contention is that the trial court abused its discretion in denying their motion for a new trial based upon newly discovered evidence. The motion was supported by the affidavits of three persons, strangers to the action, to the effect that Severin made an abrupt left turn without stopping and drove directly into the path of the Landrum automobile, which was being operated in a careful and cautious manner. This evidence would support Landrum's testimony and contradict the evidence offered by Severin. But an order denying a new trial will not be disturbed if the record shows any basis upon which it may be upheld, and where the motion is based upon the ground of newly discovered evidence it must appear that the evidence is not cumulative. (*Smith* v. *Royer,* 181 Cal. 165 [183 P. 660] ; *Scott* v. *Flanagan,* 14 Cal.App.2d 105 [57 P.2d 1382].)

The judgment is affirmed. The purported appeal from the order denying a new trial is dismissed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.