[Civ. No. 8713. Third Dist. Feb. 28, 1956.]

M. G. PARKER, Respondent, v. FRANK LAURICELLA, Appellant.

Felix Lauricella, Neal Chalmers and Roger Sans for Appellant.

Jack M. McPherson for Respondent.

PEEK, J.—This is an appeal by defendant from a judgment in favor of plaintiff awarding him the balance of commissions alleged to be due under an oral agreement. From our examination of the record we conclude the judgment should be sustained.

The record shows that the parties entered into an oral agreement for the 1947-48 olive season, under the terms of which plaintiff, in addition to purchasing olives for defendant, was to perform certain other duties up to the point of actually processing the olives, and that for such services defendant would pay him the sum of $10 per ton for all olives purchased; that prior to the 1948-49 season a like oral agreement was made except that defendant would open an account in his name, against which plaintiff could draw checks for olives purchased and for other operating expenses, but defendant would pay plaintiff's commissions from a separate personal bank account rather than have plaintiff draw checks for his commissions from an account in his name as he had done during the 1947-48 season; that according to the testimony of plaintiff, except as otherwise agreed upon, the operation would be the same as during the previous season; and that although the duties mentioned above and the mechanics of carrying out the contract were discussed, the commission to be paid was not. This was denied by defendant who, to the contrary, testified that commissions were discussed, and that because of anticipated conditions concerning the 1948-49 crop, a change was made as to commissions; to wit, plaintiff was to receive $5.00 per ton plus a bonus in a like amount if defendant was successful in selling all olives not suitable for his purpose and without loss on such resale. In each season, however, the defendant furnished all of the funds used for the purchase of the olives and for the payment of all operating expenses.

The sole question on appeal is essentially an attack upon

the sufficiency of the evidence to support the findings. It would appear that the argument of defendant's counsel in support of such contention is one more properly addressed to the trial court, and had that court decided in defendant's favor, this court would have been confronted with the same historic rule on appeal.

As a part of such contention, counsel argues that the trial court, in effect, found an implied contract as to commissions to be paid, and in so doing thereby attempted to make a contract for the parties which they themselves did not intend. We do not so understand the findings nor the evidence in support thereof.

■ The record discloses a business relationship between plaintiff and defendant beginning with a detailed agreement under which they successfully operated during the 1947-48 season, and a mutually expressed desire to so continue during the 1948-49 season. Under such circumstances there was no reason for the parties to spell out a completely new agreement. They knew of and conducted themselves in accordance with such mutual understanding during the 1948-49 season. That conduct, the court found, implied an agreement in fact for the 1948-49 season indentical to that of the 1947-48 season except as to the mechanics involved in certain phases of their accounting and bookkeeping, which changes were insufficient to nullify the implied agreement.

It necessarily follows that since the court found upon substantial evidence the existence of an implied contract, the power of this court is at an end. (*Estate of Bristol*, 23 Cal.2d 221-223 [143 P.2d 689].)

■ Defendant finally contends the court erred in denying his motion for a new trial which was primarily predicated upon the affidavit of plaintiff's former wife. He agrees that portions of that affidavit were properly stricken as being confidential communications between husband and wife. A counteraffidavit of plaintiff's counsel showed that while his wife was willing to testify for him prior to his remarriage, she refused so to do thereafter unless she was paid the sum of $500. We find nothing in her affidavit which would warrant us in concluding that the court abused its discretion in denying defendant's motion. At most the statements set forth therein were merely cumulative of defendant's testimony. (*Landrum* v. *Severin*, 37 Cal.2d 24 [230 P.2d 337].)

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.