[Civ. No. 10123. Third Dist. July 27, 1962.]

FLAVIO APODACA et al., Individually and as Guardians ad Litem, etc., Plaintiffs and Respondents, v. BRYAN HAWORTH et al., Defendants and Appellants.

[Civ. No. 10124. Third Dist. July 27, 1962.]

CHARLES JOSEPH, Individually and as Guardian ad Litem, etc., Plaintiff and Respondent, v. ORANGE BELT STAGES et al., Defendants and Appellants.

(Consolidated Cases.)

McCormick, Barstow, Sheppard & Coyle, Dudley Sheppard, William B. Boone, Borton, Petrini, Conron, Brown & Condley, P. R. Borton, and Fitzwilliam, Memering & McDonald for Defendants and Appellants.

Nichols, Williams, Morgan & Digardi, Jesse Nichols, Eugene Morgan, Newman, Marsh & Furtado and Manuel L. Furtado for Plaintiffs and Respondents.

PEEK, P. J.—Lawrence Apodaca and Charles R. Joseph, both minors, were seriously injured as the result of a series of collisions between several vehicles. Each minor, by his guardian *ad litem,* instituted separate actions which were consolidated for trial. The defendants named in both actions were grouped as follows:

1. California Liquid Gas Corporation, as employer, and Oilfields Trucking Company, as owner of a tank truck and trailer operated by Floyd Claunch, Jr.

2. K/L Gas Company, employer of Rupert Frank Ballard, operator of a tank truck and trailer.

3. Ruttman & Alcorn, Inc., as owner of a refrigerator truck operated by Charles Wesley Doshier.

4. The Roman Catholic Bishop of Monterey-Fresno, a corporation sole, employer of John Andrew Delany, a priest, operating a Pontiac automobile (which defendants we shall refer to as Delany).

5. Thoburn S. Haworth, Ruth Healy Haworth, Bryan W. Haworth, and Margaret Haworth, individually and doing business as a copartnership in the name and style of Orange Belt Stages, owners of a bus operated by Ernest Joseph Forner (which defendants we shall refer to as Haworth).

The jury returned verdicts in favor of plaintiffs and against the defendants listed in groups four and five, and in favor of the defendants in groups one, two, and three. Judgments were entered accordingly and defendants appeal.

The series of collisions out of which the actions arose occurred during a dense fog, 12 miles south of Bakersfield. At this point, U.S. Highway 99 is a divided highway with two northbound and two southbound lanes of traffic, separated by an island which contains openings for crossovers. The visibility was variously estimated from 100 to 200 feet. While a loaded northbound butane tank truck and trailer was attempt-

ing a left-hand turn across the southbound lanes, it was struck by an empty southbound tank truck and trailer. These two vehicles collided in such a manner as to completely block the southbound lanes of the highway. The blocking of the highway, together with the fog and restricted visibility, precipitated an immediate chain reaction of collisions and near misses, so that within a very brief period of time 10 or more collisions occurred. As a consequence, the southbound lanes were blocked for some distance north of the original collision by vehicles which either had collided or had narrowly escaped collision.

Among the vehicles involved was a refrigerator truck which had collided with a Buick and a Ford automobile. Immediately behind them, a Greyhound bus had been stopped in the inside lane. Almost immediately after this situation developed, the Oldsmobile in which the minor plaintiffs were riding came upon the scene and stopped by the side of the bus. The evidence was in conflict as to whether or not the Oldsmobile struck the refrigerator truck or managed to escape such a collision. In any event, it was extremely close to the rear of the truck. Almost instantaneously thereafter the Pontiac, driven by defendant Delany, struck the rear of the Oldsmobile in which plaintiffs were riding and immediately thereafter, the Haworth bus, driven by defendant Forner, collided with the rear of the Pontiac. The evidence as to when the Oldsmobile burst into flames was in conflict. At most, the time interval between these collisions was a matter of split seconds.

Delany, just prior to the collision, had been operating his car at a speed of approximately 50 miles an hour. While passing other vehicles, he became apprehensive of his speed because of the fog, turned back to the outside lane and reduced his speed. As he did so he observed the situation ahead, applied his brakes, but was unable to stop and collided with the Oldsmobile. The driver of the Haworth bus, likewise was unable to stop when he observed the blocked road ahead and collided with the Pontiac.

Neither defendant questions the sufficiency of the evidence to support the finding of negligence, nor the amount of the verdict. Both defendants do contend, however, that the trial court erroneously instructed the jury that the verdict should be in a single sum against all defendants found to be liable. The instruction which defendants attack, and which was given at plaintiffs' request, is as follows:

"If you should find that plaintiffs are entitled to recover

against more than one defendant, you must deliver a verdict in one single sum against all defendants whom you find to be liable.''

It is not contended that the instruction is an improper statement of the law, nor do defendants question the validity of this instruction under proper circumstances.

Haworth takes the position that the instruction was improper by reason of the conflicts in the evidence as to the precise moment of impact, the degree and force of each, and the exact time the fire started. It is then argued that since there were conflicts as to each of the incidents mentioned, such conflicts raise material issues; that a party is entitled to have the jury instructed on all material issues and since one of the issues which it raised was the apportionment of damages, therefore the court erred in failing to so instruct the jury. Hence, by giving the instruction in question the court ''foreclosed the jury's deliberations in this regard.''

Delany's argument is much to the same effect. He argues that since plaintiffs suffered injuries other than burns, and since there was evidence that his negligence did not start the fire, he should be held, if at all, only for the minor injuries. He further contends the court also erred in giving an instruction to the effect that the burden of showing that no injuries resulted from his acts rested with him.

We find no merit in the joint attack made upon the instruction in question.

The general rule is that, ''Contributory wrongdoers, whether joint tortfeasors or concurrent or successive tortfeasors, are ordinarily jointly and severally liable. . . .'' (2 Witkin, Summary of Cal. Law (7th ed. 1960) Torts, § 17, p. 1186; see also Rest., Torts, § 875.)

Thus, it has been held that where two or more persons, whether acting in concert or not or without appreciable separation of time, conduct themselves in a negligent manner which produces a result incapable of any logical basis for apportionment, each may be held liable for the entire loss. (*Sawdey* v. *Producers' Milk Co.,* 107 Cal.App. 467 [290 P. 684]; see also *Finnegan* v. *Royal Realty Co.,* 35 Cal.2d 409 [218 P.2d 17]; *Summers* v. *Tice,* 33 Cal.2d 80 [199 P.2d 1, 5 A.L.R.2d 91]; *Eramdjian* v. *Interstate Bakery Corp.,* 153 Cal.App.2d 590 [315 P.2d 19]; *Cummings* v. *Kendall,* 41 Cal. App.2d 549 [107 P.2d 282]; *Hill* v. *Peres,* 136 Cal.App. 132 [28 P.2d 946]; 2 Witkin, Summary of Cal.Law (7th ed. 1960)

214

Torts, § 17, p. 1186; Prosser, Torts, § 45, p. 226; 62 A.L.R. 1425.) ▇ Or where the original wrongful act is so continuous, actions of a third person precipitating the disaster will in law be regarded not as independent, but as joining with the original act to produce the accident. (*Sawdey* v. *Producers' Milk Co., supra,* 107 Cal.App. 467.)

The record before us, when viewed in light of the rules above stated, discloses ample although conflicting evidence, as noted by the defendants, to bring both of them within the general rule.

This brings us to the contention of Delany relative to the question of the burden of proof. Our examination of the record discloses a not uncommon situation where two or more defendants are jointly charged and the theory of each defendant appears to be not so much that they were the cause of only a particular injury, but rather that they were not the cause of any injury. Whether we are correct in this appraisal or not, nevertheless it is now contended that their respective cases were tried upon the theory of apportionment. As noted, Haworth does not deny the rule and in fact accepts its implications. In support of its argument, it points to the conflict generally in the evidence. Delany vehemently denies even the existence of the rule. He does not predicate his argument so much on the fact that there was conflict, but that there was some evidence that his negligence, if any, did not start the fire and therefore, regardless of who had the burden of proof, he should be held, if at all, only for the other injuries.

▇ There is no question but that primarily the burden of proof is upon the plaintiff to establish that the negligence of a defendant was the proximate cause of the accident and its consequences. (*Carlton* v. *Pacific Coast Gasoline Co.,* 110 Cal.App.2d 177 [242 P.2d 391] ; Prosser, Torts, § 45, p. 226.) ▇ However, as the court held in *Summers* v. *Tice, supra,* 33 Cal.2d 80, where, as in the present case, there is evidence that two or more persons independently contribute to a result and it is impossible to determine the extent to which each of the defendants contributed to the result, the burden is upon defendants to absolve themselves of liability. (See also *Copley* v. *Putter,* 93 Cal.App.2d 453 [207 P.2d 876] ; *Cummings* v. *Kendall, supra,* 41 Cal.App.2d 549.) As noted in the *Summers* case, one of the reasons for the rule is that in many instances it would be impossible for a plaintff, had he the burden

of proof, to show how much each of the tortfeasors contributed to a result which, by the very nature of the evidence and circumstances, is indivisible. It is sufficient that plaintiff establish that his injuries did happen as a result of any one or all of the several independent negligent acts. (See also 38 Cal.L.Rev. 383.)

Neither Delany nor Haworth has referred us to any specific evidence that would have supported a finding of apportionment. The conflicts referred to by Haworth related only to the question of liability. Delany's argument wholly ignores the evidence to the contrary.

█ The first and obvious answer to each contention is that both defendants failed to request an instruction on apportionment. But even had such an instruction been requested, the trial court was first confronted with a question of law as to whether or not the damages were capable of apportionment and whether defendants had met the burden of proof cast upon them. (Prosser, Torts, § 45, p. 226.) Absent any evidence to support a finding of apportionment, there was no basis upon which the jury could have limited either defendant's liability to a particular injury which such defendant was shown to have in fact caused. Necessarily, therefore, the court would not have been warranted in giving an instruction even had one been requested.

Delany also complains that the court erroneously instructed the jury that: "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon, and the condition of, the roadway." (Veh. Code, § 21703, formerly § 531.)

His argument is that this instruction was prejudicially erroneous because there was no evidence showing a violation of this section by any of the defendants.

There was evidence, however, that Delany moved into the inside lane to pass three vehicles; that in order to return to the outside lane after overtaking the third vehicle, he had to increase his speed; and that within a matter of seconds after he had returned to the outside lane he saw the lights, flares and confusion and struck the rear of plaintiffs' car. There was also evidence that within a matter of seconds thereafter, the Haworth bus struck Delany's automobile.

█ The mere fact that a driver of a vehicle does run down the vehicle ahead of him furnishes some evidence that

he either was driving at too high a rate of speed, or that he was following too closely the vehicle ahead of him. (*Gornstein* v. *Priver*, 64 Cal.App. 249 [221 P. 396]; *Rodriguez* v. *Savage Transportation Co.*, 77 Cal.App.2d 162 [175 P.2d 37]; *Linde* v. *Emmick*, 16 Cal.App.2d 676 [61 P.2d 338].) An instruction is warranted if a reasonable inference can be drawn from the evidence. (48 Cal.Jur.2d, Trial, § 190, pp. 218-219.) Here the inference from the evidence is that Delany had not maintained a reasonable distance behind plaintiffs' automobile, for otherwise he would have had time to avoid striking said automobile. (*Landrum* v. *Severin*, 37 Cal.2d 24 [230 P.2d 337].) This is likewise true in regard to the Haworth bus. The instruction was appropriate, being applicable to both defendants.

 Nor is there merit to the further claim of Delany that it was error to instruct the jury on Vehicle Code sections 22109, 22110, and 22111 (formerly §§ 544, subd. (c), 545, and 546). Section 22109 requires a signal to be given when stopping, or suddenly decreasing speed, "when there is opportunity to give the signal"; sections 22110 and 22111 specify the manner and means by which such signals must be given. There was evidence from which it could be inferred that Delany did not have time to signal and that even if he had, the Haworth bus was so closely behind Delany that the accident would have occurred even if the signal had been given. But, there was also evidence that the Haworth bus had slowed down its speed to approximately ten miles per hour, which raises the inference that if Delany had had the opportunity to signal when he decreased his speed, the Haworth bus could have come to a full stop prior to striking the Delany automobile. However, these are questions of fact for the court or jury.

 "It is the duty of the court to instruct as to each principle of law which may be applied properly to any material set of facts reasonably deducible from the evidence. The jury could have accepted the circumstantial evidence in preference to that of either of the parties and it was proper to instruct them on theories which might be based upon the circumstantial evidence." (*Petersen* v. *Devine*, 68 Cal.App.2d 387, 392 [156 P.2d 936]; see also *Rodriguez* v. *Savage Transportation Co., supra*, 77 Cal.App.2d 162.)

 Delany further complains of the instruction given on illegal parking on the highway (Veh. Code, § 22504, formerly § 582). It is quite clear from the record that this instruction was intended to be applicable to the driver of the

refrigerator truck that had, after colliding with the two cars in front of it, stopped in front of plaintiffs' car, but later was driven to the side of the highway. Delany has not shown whereby he was prejudiced by such instruction. The court instructed the jury that the instructions govern the case as to each defendant as they were applicable. It must be presumed that the jury understood the instruction of the court and applied it to the respective defendants, in this case to the driver of the refrigerator truck.

Finally, both defendants contend that the judgment in favor of the parents of Apodaca is excessive insofar as it includes an award to them for future medical expenses for their son. This, they say, is true for the reason that although the parents of a minor child may recover damages for expenses actually incurred, they cannot recover future expenses since that is an element of the child's recovery. (Citing *Rockwood* v. *Lansburgh,* 109 Cal.App. 581 [293 P. 792].) The judgment in favor of the parents of Apodaca is in the amount of $49,135.22. Admittedly this includes medical expenses incurred to the date of trial, which amounted to $24,125.22 and future medical expenses in the sum of $25,010.

The case cited, although holding that parents may not recover future medical expenses for a child, reiterates the rule that the child himself may recover for those future medical expenses reasonably certain to be incurred by him as a result of the injury.

Here, the minor as well as his parents appear as parties. The trial was long and expensive. No contention is made that the award of future medical and hospital care is not supported by the evidence. Specifically, the record shows expert testimony that the minor will require further medical and surgical treatment at least once every two to three months for the next six to eight years at a cost of approximately $10,000 and that he will need surgical treatment which would necessitate at least 300 days of hospital confinement at a cost of approximately $15,000. In view of the record before the court, it would seem unfortunate to compel a reversal for a purely technical fault in the judgment which could be remedied by a modification.

We therefore conclude that the judgment be reversed and the cause remanded for a new trial on the sole issue of future medical expenses, unless within 30 days from the filing of this opinion, the plaintiffs, Charlotte and Flavio Apodaca, file a

stipulation in the trial court that on payment of the judgment they will deposit with the court the sum of $25,010 for the use and benefit of their son, Lawrence Apodaca, subject to withdrawal only upon order of the court, and that upon the filing of such stipulation the judgment is affirmed.

In all other respects the judgment is affirmed.

Schottky, J., and Pierce, J., concurred.