Argued and submitted September 21, affirmed December 30, 1992, reconsideration denied February 24, petition for review denied March 23, 1993 (315 Or 643)

In the Matter of
Adam Arevalo, Jr., a Child.

## STATE ex rel JUVENILE DEPARTMENT OF MARION COUNTY,
*Respondent,*

*v.*

Adam AREVALO, Jr.,
*Appellant.*

(89J-1061; CA A73401)

844 P2d 928

R. Brooke Holstedt, Salem, argued the cause and filed the brief for appellant.

Ann F. Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

### DURHAM, J.

Child appeals from a juvenile court order finding him to be within the court's jurisdiction for committing acts that, if committed by an adult, would constitute second degree kidnapping and first degree sexual abuse. We review *de novo*, ORS 419.561(5), and affirm.

Child, other boys and the victim were together in a physical education class. During a teacher's absence, one of the boys grabbed the victim from behind. As she struggled to get away, child also grabbed her. At child's suggestion, they dragged her into an adjacent room. One boy placed his hand over her mouth when she tried to scream. They tackled the victim, and the other boy sat on top of her. Child left her, stood by the door and let two other boys into the room. Someone shut the door and turned out the light. The victim felt several hands grabbing her breasts. Within approximately two minutes, a teacher stopped the assault.

At the hearing, a circuit court judge pro tempore, who regularly was a juvenile court referee,[1] announced that she would hear the case as a juvenile court judge rather than as a referee. Child argues that her decision violated his "rights to a rehearing, *de novo*, with the introduction of additional evidence" before a juvenile court judge and that the lack of advance notice of the decision prejudiced him, because he had only prepared for a referee's hearing.

A juvenile court judge

"*may* direct that any case, or all cases of a class designated by the judge, shall be processed or heard in the first instance by a referee * * *." ORS 419.581(2) (Emphasis supplied.)

The circuit court judge pro tempore possessed

"all the judicial powers, duties, jurisdiction and authority * * * of a regularly elected and qualified judge of the court to

---

[1] ORS 1.635(1) provides, in part:

"The Supreme Court may appoint any eligible person to serve * * * as judge pro tempore of the circuit court * * * whenever the Supreme Court determines that the appointment is reasonably necessary and will promote the more efficient administration of justice."

The Supreme Court had appointed her as a circuit court judge pro tempore before the time of the hearing.

which the judge pro tempore is appointed or assigned." ORS 1.645(2).

She did not exercise her statutory authority to direct that the case be heard by a referee. Child has no right to an initial hearing before a referee. ORS 419.581(3) provides:

> "*Where the referee conducts a hearing* * * * a rehearing shall be had before a judge if requested within 10 days. A rehearing before a judge of the juvenile court may be determined on· the same evidence introduced before the referee * * * but, *in any case, additional evidence may be presented.*" (Emphasis supplied.)

There was no statutory violation. Because a referee did not conduct the hearing, the rehearing procedure was not available.

Child also argues that he was prejudiced by not being informed, until just before the hearing, that the case would be heard by a judge rather than by a referee. His only claim of prejudice is that he prepared differently for a referee's hearing than he would have for a hearing before a judge. He does not explain how his preparation would have been different or whether there was further evidence that he would have been prepared to offer. On this record, there is no prejudice.

Child next argues that he did not ·commit acts amounting to sexual abuse, because the state did not prove that he touched the victim's breasts. The state prosecuted child for "aiding and abetting" sexual abuse, and the court found him guilty on that theory. ORS 161.155(2)(b). The state was required to prove that child aided or abetted the commission of the crime with the intent to facilitate its commission. ORS 161.155 provides, in part:

> "A person is criminally liable for the conduct of another person constituting a crime if:
>
> "* * * * *
>
> "(2)   With the intent to promote or facilitate the commission of the crime the person:
>
> "* * * * *
>
> "(b)   Aids or abets or agrees or attempts to aid or abet such other person in planning or committing the crime * * *."

■ The least degree of concert or collusion between the parties to an illegal transaction makes the act of one party the act of all. *State v. Moriarty*, 87 Or App 465, 468, 742 P2d 704, *rev den* 304 Or 547 (1987). In *Moriarty*, we found sufficient circumstantial evidence to support an inference of intent where the defendant testified that he ran out of the building when his wife pulled a gun on the victim. 87 Or App at 468. He made no effort to seek help, worked with his wife to clean up the mess and covered up the murder for ten years. 87 Or App at 469.

■ On *de novo* review, we find that child aided or abetted another person in committing sexual abuse and acted with the intent to promote or facilitate the commission of that crime. The victim testified that child's co-defendant started "going up" her shirt with his hand while the light was still on. Child could see that the assault had taken a sexual turn. He invited two more boys into the room. One of the boys yelled, "Take her shirt off." The light went out, and the sexual assault continued. The victim felt hands from "more than one person" on her breasts and she was screaming throughout the assault. Child did not turn on the light, open the door to seek help or take any other step to stop the assault. The court correctly found child to be within its jurisdiction for aiding and abetting sexual abuse.

■ Child also claims that any kidnapping was merely incidental to the sexual abuse and that that prevented a separate conviction for kidnapping. He is wrong. Child possessed "the intent to interfere substantially with the victim's personal liberty." *State v. Garcia*, 288 Or 413, 423, 605 P2d 671 (1980). The court correctly found child to be within its jurisdiction for conduct that would have amounted to kidnapping had he been an adult.

Affirmed.