George S. ANDREWS,
*Appellant,*

*v.*

James Martin COOK
and Bradley M. Dahlen,
*Respondents.*

(90-CV-0278-MS; CA A73315)

851 P2d 627

Douglas R. Wilkinson, Springfield, argued the cause for appellant. With him on the brief was Thorp, Dennett, Purdy, Golden & Jewett, P.C., Springfield.

G. Kenneth Shiroishi, Portland, argued the cause for respondent James Martin Cook. With him on the brief were Robert L. Nash and Dunn, Carney, Allen, Higgins & Tongue, Portland.

No appearance for respondent Bradley M. Dahlen.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Plaintiff brought this action for assault, battery and negligence, arising out of a confrontation with defendants when plaintiff approached their campsite, which was near where plaintiff was staying. The trial court granted summary judgment for both defendants. Plaintiff appeals, and we reverse.

Plaintiff produced evidence that, when he neared their camp, both defendants came to the edge of the site and became verbally abusive, one of them threatened violence while the verbal abuse from the second continued, and one defendant knocked him down and held him while the other was nearby and talking with the assailant. In the trial court, both defendants attempted a divide-and-conquer defense, which defendant Cook repeats here.[1] Plaintiff could not say, in his testimony opposing the motions, which defendant was the assailant. Furthermore, according to defendants, there was no evidence that the other defendant had aided and abetted the assailant.[2] Therefore, defendants conclude, there was no evidence to support an inference of liability against either of them on either theory.

Both aspects of defendants' argument fail. Plaintiff's evidence was sufficient to create a material question of fact that defendants were involved in a concerted assaultive scheme. *See, e.g., State ex. rel Juv. Dept. v. Arevalo*, 117 Or App 505, 509, 844 P2d 928 (1992), *rev den* 315 Or 643 (1993). Moreover, to the extent that plaintiff's case may eventually depend on his ability to prove which defendant was the physical assailant, he was not required to do so to resist their motions for summary judgment, in the absence of evidence from either of them that does more than reiterate the denials in their pleadings. *See Reed v. Jackson County*, 105 Or App 24, 803 P2d 1194 (1990), *rev den* 311 Or 261 (1991).

---

[1] Defendant Dahlen has not appeared on appeal.

[2] Cook also argues the possibility that other persons, instead of one or both defendants, were involved. Plaintiff's evidence contradicts that theory. Cook also questions whether all of the evidence on which plaintiff relies was part of the record on *his* motion for summary judgment, as distinct from Dahlen's. Although we refer to all of the evidence for ease of discussion in stating the facts, we have considered only the relevant portions of the record in our disposition of the respective motions.

Defendants rely on *Senn v. Merrell-Dow Pharmaceuticals*, 305 Or 256, 751 P2d 215 (1988), where the Supreme Court responded to certified questions from a federal court by rejecting the "alternative liability" theory, under which a plaintiff does not have the burden of proving which of two or more actors caused injury if it is established that each was engaged in tortious conduct and that the conduct of any one of them was causal. *See Summers v. Tice*, 33 Cal 2d 80, 199 P2d 1 (1948). At this stage, at least, this case does not turn on "alternative liability"; it turns only on whether plaintiff has produced sufficient evidence to create material factual questions as to both defendants' direct liability. We hold that he has, and that the trial court erred in granting defendants' motions.

Reversed and remanded.