[L. A. Nos. 20650, 20651. In Bank. Nov. 17, 1948.]

CHARLES A. SUMMERS, Respondent, v. HAROLD W. TICE et al., Appellants.

Gale & Purciel, Joseph D. Taylor and Wm. A. Wittman for Appellants.

Werner O. Graf for Respondent.

CARTER, J.—Each of the two defendants appeals from a judgment against them in an action for personal injuries. Pursuant to stipulation the appeals have been consolidated.

Plaintiff's action was against both defendants for an injury to his right eye and face as the result of being struck by bird shot discharged from a shotgun. The case was tried by the court without a jury and the court found that on November 20, 1945, plaintiff and the two defendants were hunting quail on the open range. Each of the defendants was armed with a 12 gauge shotgun loaded with shells containing 7½ size shot. Prior to going hunting plaintiff discussed the hunting procedure with defendants, indicating that they were to exercise care when shooting and to "keep in line." In the course of hunting plaintiff proceeded up a hill, thus placing the hunters at the points of a triangle. The view of defendants with reference to plaintiff was unobstructed and they knew his location. Defendant Tice flushed a quail which rose in flight to a 10-foot elevation and flew between plaintiff and defendants. Both defendants shot at the quail, shooting in plaintiff's direction. At that time defendants were 75 yards from plaintiff. One shot struck plaintiff in his eye and another in his upper lip. Finally it was found by the court that as

the direct result of the shooting by defendants the shots struck plaintiff as above mentioned and that defendants were negligent in so shooting and plaintiff was not contributorily negligent.

First, on the subject of negligence, defendant Simonson contends that the evidence is insufficient to sustain the finding on that score, but he does not point out wherein it is lacking. There is evidence that both defendants, at about the same time or one immediately after the other, shot at a quail and in so doing shot toward plaintiff who was uphill from them, and that they knew his location. That is sufficient from which the trial court could conclude that they acted with respect to plaintiff other than as persons of ordinary prudence. The issue was one of fact for the trial court. (See, *Rudd* v. *Byrnes,* 156 Cal. 636 [105 P. 957, 20 Ann.Cas. 124, 26 L.R.A. N.S. 134].)

Defendant Tice states in his opening brief, ''we have decided not to argue the insufficiency of negligence on the part of defendant Tice.'' It is true he states in his answer to plaintiff's petition for a hearing in this court that he did not concede this point but he does not argue it. Nothing more need be said on the subject.

Defendant Simonson urges that plaintiff was guilty of contributory negligence and assumed the risk as a matter of law. He cites no authority for the proposition that by going on a hunting party the various hunters assume the risk of negligence on the part of their companions. Such a tenet is not reasonable. It is true that plaintiff suggested that they all ''stay in line,'' presumably abreast, while hunting, and he went uphill at somewhat of a right angle to the hunting line, but he also cautioned that they use care, and defendants knew plaintiff's position. We hold, therefore, that the trial court was justified in finding that he did not assume the risk or act other than as a person of ordinary prudence under the circumstances. (See, *Anthony* v. *Hobbie,* 25 Cal.2d 814, 818 [155 P.2d 826] ; *Rudd* v. *Byrnes, supra.*) None of the cases cited by Simonson are in point.

The problem presented in this case is whether the judgment against both defendants may stand. It is argued by defendants that they are not joint tort feasors, and thus jointly and severally liable, as they were not acting in concert, and that there is not sufficient evidence to show which defendant was guilty of the negligence which caused the injuries—the shooting by Tice or that by Simonson. Tice argues that there is

evidence to show that the shot which struck plaintiff came from Simonson's gun because of admissions allegedly made by him to third persons and no evidence that they came from his gun. Further in connection with the latter contention, the court failed to find on plaintiff's allegation in his complaint that he did not know which one was at fault—did not find which defendant was guilty of the negligence which caused the injuries to plaintiff.

■ Considering the last argument first, we believe it is clear that the court sufficiently found on the issue that defendants were jointly liable and that thus the negligence of both was the cause of the injury or to that legal effect. It found that both defendants were negligent and "That as a direct and proximate result of the shots fired by *defendants, and each of them,* a birdshot pellet was caused to and did lodge in plaintiff's right eye and that another birdshot pellet was caused to and did lodge in plaintiff's upper lip." In so doing the court evidently did not give credence to the admissions of Simonson to third persons that he fired the shots, which it was justified in doing. It thus determined that the negligence of both defendants was the legal cause of the injury—or that both were responsible. Implicit in such finding is the assumption that the court was unable to ascertain whether the shots were from the gun of one defendant or the other or one shot from each of them. The one shot that entered plaintiff's eye was the major factor in assessing damages and that shot could not have come from the gun of both defendants. It was from one or the other only.

■ It has been held that where a group of persons are on a hunting party, or otherwise engaged in the use of firearms, and two of them are negligent in firing in the direction of a third person who is injured thereby, both of those so firing are liable for the injury suffered by the third person, although the negligence of only one of them could have caused the injury. (*Moore* v. *Foster,* 182 Miss. 15 [180 So. 73] ; *Oliver* v. *Miles,* 144 Miss. 852 [110 So. 666; 50 A.L.R. 357] ; *Reyher* v. *Mayne,* 90 Colo. 586 [10 P.2d 1109] ; *Benson* v. *Ross,* 143 Mich. 452 [106 N.W. 1120, 114 Am.St.Rep. 675].) The same rule has been applied in criminal cases (*State* v. *Newberg,* 129 Ore. 564 [278 P. 568, 63 A.L.R. 1225]), and both drivers have been held liable for the negligence of one where they engaged in a racing contest causing an injury to a third person (*Saisa* v. *Lilja,* 76 F.2d 380). These cases speak of the action of defendants as being in concert as the ground

)f decision, yet it would seem they are straining that concept and the more reasonable basis appears in *Oliver* v. *Miles, supra.* There two persons were hunting together. Both shot at some partridges and in so doing shot across the highway injuring plaintiff who was travelling on it. The court stated they were acting in concert and thus both were liable. The court then stated: "We think that . . . each is liable for the resulting injury to the boy, although no one can say definitely who actually shot him. *To hold otherwise would be to exonerate both from liability, although each was negligent, and the injury resulted from such negligence.*" [Emphasis added.] (P. 668 [110 So.].) It is said in the Restatement: "For harm resulting to a third person from the tortious conduct of another, a person is liable if he . . . (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person." (Rest., Torts, § 876(b) (c).) Under subsection (b) the example is given: "A and B are members of a hunting party. Each of them in the presence of the other shoots across a public road at an animal, this being negligent as to persons on the road. A hits the animal. B's bullet strikes C, a traveler on the road. A is liable to C." (Rest., Torts, § 876 (b), com., illus. 3.) An illustration given under subsection (c) is the same as above except the factor of both defendants shooting is missing and joint liability is not imposed. It is further said that: "If two forces are actively operating, one because of the actor's negligence, the other not because of any misconduct on his part, and each of itself is sufficient to bring about harm to another, the actor's negligence may be held by the jury to be a substantial factor in bringing it about." (Rest., Torts, § 432.) Dean Wigmore has this to say: "When two or more persons by their acts are possibly the sole cause of a harm, or when two or more acts of the same person are possibly the sole cause, and the plaintiff has introduced evidence that the one of the two persons, or the one of the same person's two acts, is culpable, then the defendant has the burden of proving that the other person, or his other act, was the sole cause of the harm. (b) . . . The real reason for the rule that each joint tortfeasor is responsible for the whole damage is the practical unfairness of denying the injured person redress simply because he cannot prove how

much damage each did, when it is certain that between them they did all; let them be the ones to apportion it among themselves. Since, then, the difficulty of proof is the reason, the rule should apply whenever the harm has plural causes, and not merely when they acted in conscious concert. . . ." (Wigmore, Select Cases on the Law of Torts, § 153.) Similarly Professor Carpenter has said: "[Suppose] the case where A and B independently shoot at C and but one bullet touches C's body. In such case, such proof as is ordinarily required that either A or B shot C, of course fails. It is suggested that there should be a relaxation of the proof required of the plaintiff . . . where the injury occurs as the result of one where more than one independent force is operating, and it is impossible to determine that the force set in operation by defendant did not in fact constitute a cause of the damage, and where it may have caused the damage, but the plaintiff is unable to establish that it was a cause." (20 Cal.L.Rev. 406.)

When we consider the relative position of the parties and the results that would flow if plaintiff was required to pin the injury on one of the defendants only, a requirement that the burden of proof on that subject be shifted to defendants becomes manifest. They are both wrongdoers—both negligent toward plaintiff. They brought about a situation where the negligence of one of them injured the plaintiff, hence it should rest with them each to absolve himself if he can. The injured party has been placed by defendants in the unfair position of pointing to which defendant caused the harm. If one can escape the other may also and plaintiff is remediless. Ordinarily defendants are in a far better position to offer evidence to determine which one caused the injury. This reasoning has recently found favor in this court. In a quite analogous situation this court held that a patient injured while unconscious on an operating table in a hospital could hold all or any of the persons who had any connection with the operation even though he could not select the particular acts by the particular person which led to his disability. (*Ybarra* v. *Spangard*, 25 Cal.2d 486 [154 P.2d 687, 162 A.L.R. 1258].) There the court was considering whether the patient could avail himself of res ipsa loquitur, rather than where the burden of proof lay, yet the effect of the decision is that plaintiff has made out a case when he has produced evidence which gives rise to an inference of negligence which was the proximate cause of the injury. It is up to

defendants to explain the cause of the injury. It was there said: "If the doctrine is to continue to serve a useful purpose, we should not forget that 'the particular force and justice of the rule, regarded as a presumption throwing upon the party charged the duty of producing evidence, consists in the circumstance that the chief evidence of the true cause, whether culpable or innocent, is practically accessible to him but inaccessible to the injured person.' " (P. 490.) Similarly in the instant case plaintiff is not able to establish which of defendants caused his injury.

The foregoing discussion disposes of the authorities cited by defendants such as *Kraft* v. *Smith*, 24 Cal.2d 124 [148 P.2d 23], and *Hernandez* v. *Southern California Gas Co.*, 213 Cal. 384 [2 P.2d 360], stating the general rule that one defendant is not liable for the independent tort of the other defendant, or that ordinarily the plaintiff must show a causal connection between the negligence and the injury. There was an entire lack of such connection in the Hernandez case and there were not several negligent defendants, one of whom must have caused the injury.

Defendants rely upon *Christensen* v. *Los Angeles Electrical Supply Co.*, 112 Cal.App. 629 [297 P. 614], holding that a defendant is not liable where he negligently knocks down with his car a pedestrian and a third person then ran over the prostrate person. That involves the question of intervening cause which we do not have here. Moreover it is out of harmony with the current rule on that subject and was properly questioned in *Hill* v. *Peres,* 136 Cal.App. 132 [28 P.2d 946] (hearing in this Court denied), and must be deemed disapproved. (See, *Mosley* v. *Arden Farms Co.*, 26 Cal. 2d 213 [157 P.2d 372, 158 A.L.R. 872] ; *Sawyer* v. *Southern California Gas Co.*, 206 Cal. 366 [274 P. 544] ; 2 Cal.Jur. 10-Yr. Supp. Automobiles, § 349; 19 Cal.Jur. 570-572.)

Cases are cited for the proposition that where two or more tort feasors acting independently of each other cause an injury to plaintiff, they are not joint tort feasors and plaintiff must establish the portion of the damage caused by each, even though it is impossible to prove the portion of the injury caused by each. (See, *Slater* v. *Pacific American Oil Co.*, 212 Cal. 648 [300 P. 31] ; *Miller* v. *Highland Ditch Co.*, 87 Cal. 430 [25 P. 550, 22 Am.St.Rep. 254] ; *People* v. *Gold Run D. & M. Co.*, 66 Cal. 138 [4 P. 1152, 56 Am.Rep. 80] ; *Wade* v. *Thorsen,* 5 Cal.App.2d 706 [43 P.2d 592] ; *California O. Co.* v. *Riverside P. C. Co.*, 50 Cal.App. 522 [195 P. 694] ;

*City of Oakland* v. *Pacific Gas & E. Co.*, 47 Cal.App.2d 444 [118 P.2d 328].) In view of the foregoing discussion it is apparent that defendants in cases like the present one may be treated as liable on the same basis as joint tort feasors, and hence the last-cited cases are distinguishable inasmuch as they involve independent tort feasors.

In addition to that, however, it should be pointed out that the same reasons of policy and justice shift the burden to each of defendants to absolve himself if he can—relieving the wronged person of the duty of apportioning the injury to a particular defendant, apply here where we are concerned with whether plaintiff is required to supply evidence for the apportionment of damages. If defendants are independent tort feasors and thus each liable for the damage caused by him alone, and, at least, where the matter of apportionment is incapable of proof, the innocent wronged party should not be deprived of his right to redress. The wrongdoers should be left to work out between themselves any apportionment. (See, *Colonial Ins. Co.*, v. *Industrial Acc. Com.*, 29 Cal.2d 79 [172 P.2d 884].) Some of the cited cases refer to the difficulty of apportioning the burden of damages between the independent tort feasors, and say that where factually a correct division cannot be made, the trier of fact may make it the best it can, which would be more or less a guess, stressing the factor that the wrongdoers are not in a position to complain of uncertainty. (*California O. Co.* v. *Riverside P. C. Co., supra.*)

It is urged that plaintiff now has changed the theory of his case in claiming a concert of action; that he did not plead or prove such concert. From what has been said it is clear that there has been no change in theory. The joint liability, as well as the lack of knowledge as to which defendant was liable, was pleaded and the proof developed the case under either theory. We have seen that for the reasons of policy discussed herein, the case is based upon the legal proposition that, under the circumstances here presented, each defendant is liable for the whole damage whether they are deemed to be acting in concert or independently.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Appellant Tice's petition for a rehearing was denied December 16, 1948.