[Civ. No. 21038.   First Dist., Div. Three.   July 7, 1964.]

VALERIE DURR, a Minor, etc., et al., Plaintiffs and Appellants, v. FREDERICK THOMAS JEWITT, Defendant and Respondent.

Jack L. Burnam and Joseph L. Bortin for Plaintiffs and Appellants.

Bronson, Bronson & McKinnon and Ernest M. Thayer for Defendant and Respondent.

DRAPER, P. J.—In this personal injury action, judgment on jury verdict was for defendant. Plaintiffs, a minor and her father, appeal.

The minor plaintiff, then 7 years old, was seriously injured when a heavy iron gate fell on her. The gate was one of a pair at the entrance to a driveway, or service entrance, to a laundry. The gates were open, each pushed back to the wall of the building from which it hung. Plaintiff backed against one of them, and it fell upon her. Action was brought against the laundry which owned and maintained the gates, and against respondent Jewitt, the operator of a drayage service. The laundry settled for $60,000, and the case was tried only as to respondent.

Plaintiffs sought to show that one of respondent's trucks had negligently struck the gate shortly before the accident, breaking or weakening the pin which held it upright, and that the driver failed to report the incident or investigate the extent of the damage. Respondent denied that its truck had struck the gate, and this was the principal issue tried. In the more than 1,000 pages of reporter's transcript, appellant points to three bits of cross-examination by respondent relating to striking of the gates by other trucks. Only two questions elicited answers at all indicating such impacts, and none specified in any way the date, force, or effect of any such blow.

On this record, appellants assert error in the trial court's refusal to instruct that if the jury found that respondent's truck and other vehicles negligently struck the gate, one of them breaking it and causing the injury to plaintiff minor, but could not determine which impact caused the break, ''the burden of disproving proximate cause shifts to defendant ... to prove that its negligence was not the proximate cause of the injuries.''

Appellants' argument is that the doctrine of a landmark California case (*Summers* v. *Tice,* 33 Cal.2d 80 [199 P.2d 1, 5 A.L.R.2d 91]) properly applies to the facts here shown. We cannot agree. In *Summers,* plaintiff and the two defendants were hunting. A quail flew between the two defendants and plaintiff. The defendants simultaneously fired at the bird. One shot struck plaintiff, but there was no way of determining which gun fired it. The court pointed out that the normal burden of proving proximate cause would deprive the wronged plaintiff of all recovery, merely because he could not establish which of the two clearly culpable defendants had actually injured him. It held that in such case the burden of proof of proximate cause shifts to the defendants.

But the facts of our case differ. Although the rule is of

limited application (38 Cal.L.R. 390; 9 Stan.L.R. 83-85), we need not consider its applicability if two or more vehicles had, at different times, struck the gate, one breaking the supporting pin and causing the ultimate fall of the gate. Even if we assume applicability in such case, the facts still do not bring the rule into play here.

There is no evidence of successive negligent blows to the gate, one caused by respondent. Rather, the essential fact issue was whether respondent's truck struck the gate at all. This was the central issue tried. Respondent's brief references to a plurality of impacts against the gate clearly were not designed to show that a blow other than its own caused or contributed to the breaking of the essential pin. Rather, they were but supplemental to respondent's effort to show that its truck did not strike the gate at all, by emphasizing that the mere fact that the gate had been struck did not mean that respondent's truck was the instrument of impact. The question for jury determination was negligence, not proximate cause, and the requested instruction would only have beclouded the true issue.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.