**TRANSAMERICA INSURANCE COMPANY,**
a corporation, Appellant,

v.

**DIPLOMAT PARKING CORPORATION, a**
District of Columbia corporation, and Aetna Insurance Company, a corporation, Appellees.

No. 5864.

District of Columbia Court of Appeals.

Argued Sept. 14, 1971.

Decided Oct. 20, 1971.

———◆———

Gerald W. Farquhar, Washington, D. C., with whom James F. Bromley, Wash-ington, D. C., was on the brief, for appellant.

David F. Grimaldi, New York City, for appellee Aetna Insurance Co.

Morton N. Goldstein, Washington, D. C., entered an appearance for appellee Diplomat Parking Corp.

Before KERN, NEBEKER and REILLY, Associate Judges.

NEBEKER, Associate Judge:

This appeal from the grant of summary judgment for plaintiff-appellee Diplomat Parking Corporation (hereinafter "Diplomat") presents the novel question of liability as between two successive insurers when the time of loss cannot be established precisely enough to fall within one of the successive coverage periods. The trial court ruled that both insurance companies were jointly liable and that existence of "other insurance" clauses in the policies required apportionment at 50 percent of the loss. The basis of the ruling was that

"It is presumed that the loss * * * occurred during and through a period of time * * * which spanned the * * time at which one carrier's coverage ended and the other's began." [Record at 44–45.]

After careful consideration of the issue presented, we affirm on a ground different from that adopted by the trial court.

The undisputed facts of the case are summarized below. Diplomat was engaged in the business of furnishing automobile parking services. It carried a garage liability insurance policy with defendant-appellant Transamerica Insurance Company covering Diplomat's garage for a period of time prior to 12:01 a. m. on a certain date. Immediately subsequent thereto, Diplomat carried, with respect to the same garage, a liability insurance policy with defendant-appellee Aetna Insurance Company which commenced coverage at 12:01 a. m. on the same date.

Four days earlier a motorist parked his automobile in Diplomat's garage. The automobile was stolen from the garage at a time not exactly known, but sometime during a period of about 12 hours before and 8 hours after the change in coverage.

Diplomat brought suit against both Transamerica and Aetna for recovery of $2,250 expended in a negotiated settlement with the motorist and $1,100 expended in legal fees in litigation leading to that settlement. Both insurance carriers had failed to defend Diplomat in that action.

The trial court judge, recognizing the uniqueness of the issue presented, sought to distinguish apparently the only directly relevant decision that the parties or the court could find, Finks v. Dean Van Lines, Inc., District of Columbia Court of General Sessions, Civil Action No. GS 17521-65, opinion (Greene, C. J.) dated January 29, 1968, 96 Wash.L.Rep. 301 (February 19, 1968). That case presented the same issue as this one, but had a somewhat more protracted period during which the loss occurred and only one of the insurance carriers was before the court.[1] The reasoning of the court in Finks, which gave rise to complete liability on the part of the last insurer, was:

"The premium paid to the second insurer * * * would normally be based upon the presence on the premises of all articles not by that time discovered to have been lost or stolen * * *. When a second insurer undertakes to provide coverage, it naturally assumes the risk of all losses concerning these articles * *. The prior insurer, by contrast, completes its period of coverage without notice of any loss, and it should not subsequently be charged with such a loss, in the absence of evidence that the loss actually occurred during the period in question.

"For these reasons, the Court will presume, in the absence of controlling precedent, that the loss occurred on the date when it was first realized, and that the insurer carrying the risk on that date is liable, unless it can demonstrate on the evidence that the loss actually happened at an earlier period." [Id. at 5, 96 Wash.L.Rep. at 304.]

Whatever may be said for the view adopted by the court in that case, it is materially different from this case in one important aspect. Here both insurers by identical contractual terms of the insurance policies provide for inspection and audit at any time during the policy period.[2] This right of inspection would include the right to inventory and document the actual items being covered by the commencing insurance or being released from coverage by the lapsing insurance. No such right was reserved by the insurer in the Finks case, supra, and the provisions of the other policy were unknown.

Neither insurance company here chose to avail itself of the right of inspection which would surely have revealed whether the loss of the vehicle was before or after the critical time. Having failed in this regard, we hold the companies to be jointly liable for the loss that was shown to have occurred during the time transcending the coverage periods.

As was stated by Judge Belson in his thoughtful opinion in this case:

"Under the circumstances * * * the imposition of the total liability on either insurer is not justifiable. Even less

---

1. These factors formed the basis by which the trial court distinguished that case. In our opinion, such factual differences do not warrant a legal distinction.

2. Both insurance policies contain the following clause:
"4. Inspection and Audit. The company shall be permitted to inspect the insured premises, operations, automobiles and elevators and to examine and audit the insured's books and records at any time during the policy period and any extension thereof and within three years after the final termination of this policy, as far as they relate to the premium bases or the subject matter of this insurance." (Record at 35, 39.)

justifiable would be a result which would permit both of two carriers which afforded consecutive coverage to escape liability. * * *

"* * * It is doubtful that the parties to either of the contracts intended to require strict proof of the precise time of the [theft] which occurred at or about the time of transition between successive coverages. * * *" [Record at 44–45.]

It is noted that neither insurer has insisted upon such strict proof. Indeed, counsel for Aetna has stated:

"This Appellee has maintained the position that [requirement of such strict proof] would be inequitable insofar as the insured had continuous, although successive, insurance coverage for which premiums had been paid and the mere fact that the precise point in time of the loss is not known should not defeat recovery of coverage benefits. * * *" [Brief for Aetna at 3.]

The rule here adopted is somewhat like that known in tort law which holds that two defendants may be jointly liable in situations where, if all the facts were known, one defendant would be wholly liable and the other defendant would be exonerated. In Bowman v. Redding & Co., 145 U.S. App.D.C. ——, 449 F.2d 956 (No. 23,932, decided February 16, 1971), the United States Court of Appeals for the District of Columbia Circuit held two tortfeasors jointly liable for the death of a worker in an industrial accident where it was determined that both were negligent but that cause of death, although obviously stemming from the negligent acts, could not be ascribed to either wrongdoer. *See also* Summers v. Tice, 33 Cal.2d 80, 199 P.2d 1 (1948); Restatement (Second) of Torts, § 433B (1965). Similar rationale has been applied to a *res ipsa loquitur* case, Ybarra v. Spangard, 25 Cal.2d 486, 154 P.2d 687 (1944). In such joint tortfeasor cases the law holds the negligent parties jointly liable. Similarly we base joint liability here on concurrent failure to do that which would have supplied the knowledge necessary to determine actual liability.

We, therefore, hold that under the circumstances of this case the apportionment of liability was correct for the reasons stated above. Accordingly, the judgment appealed from is

Affirmed.