BECKER, Chief Judge,
Concurring.
I agree with the Court that the Turnpike failed to exercise diligence in discovering evidence as to who shipped what COPR to the various sites. However, I would ground the affirmance of the summary judgment on this factor alone. In my view, the Court’s insistence that, in order to fulfill CERCLA’s causation requirements, the Turnpike “must offer some proof that Allied, PPG, and Occidental deposited, or caused the disposal of, COPR at each of the sites at the issue in this case,” is too strict a test under the governing law of alternate liability.
I believe that the threshold requisites for alternate liability are as follows. First, the plaintiff has to show that it would be entitled to recover if it established causation. In strict liability cases, this would require only a showing of actionable harm. Second, the plaintiff should show that each defendant did the thing that exposed it to liability. In Summers v. Tice, both defendants were negligent. See 33 Cal.2d 80, 199 P.2d 1, 2 (1948). By way of analogy, in CERCLA, the requisite action would be generating the relevant kind of hazardous waste in the relevant area regardless of fault. Third, the plaintiff must join all the defendants who might be responsible for the harm, so that it would be clear that at least one of the defendants actually did cause the harm. See Zands v. Nelson, 797 F.Supp. 805, 813 (S.D.Cal.1992); Aurora Nat’l Bank v. Tri Star Marketing, Inc., 990 F.Supp. 1020, 1031 (N.D.Ill.1998).
I believe that the Turnpike’s evidence may be sufficient to meet this threshold test for the following reasons: (1) the defendants produced large quantities of COPR; (2) no one else produced COPR within 150 miles of Hudson County; (3) the practice was to dispose of COPR locally; (4) the defendants freely and indiscriminately disposed of COPR in and around Hudson County; (5) the defendants’ COPR was used in various construction and development projects; (6) the Turnpike was building the Turnpike and buy- *114 ingfill material at the same time as the defendants were disposing of COPR as fill; (7) the defendants understood that COPR was being used as fill in highway projects; (8) the seven sites are in close proximity to the defendants’ facilities. I would nonetheless affirm the judgment because I believe that, in addition to the requirements set forth above, alternate liability doctrine demands that the plaintiff exercise diligence in determining the identity of the other responsible parties, yet the Turnpike failed to do so.
I also take issue with the statement of the court that the alternate liability theory is meant to apply to wholly innocent plaintiffs. Consider the seminal alternate liability case, Summers v. Tice, 33 Cal.2d 80, 199 P.2d 1 (1948) The plaintiff, after telling the defendants, with whom he was hunting quail on an open range, that they all should remain in a line, went up a hill and thus put himself at the tip of a triangle the base of which was formed by the other hunters. The plaintiff was in this position when he was shot. Despite being far from an innocent plaintiff, he was able to recover. See id. 199 P.2d at 1. This result belies the Court’s contention. Moreover, a con-tributorily negligent plaintiff could surely recover in a § 402(A) case where contributory negligence is not a defense, and yet alternate liability applies.