De Michele v. Tierney

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

<u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand fourteen.

PRESENT:  DENNY CHIN,
          SUSAN L. CARNEY,
          CHRISTOPHER F. DRONEY,
                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - - - -x

FRANK DE MICHELE,

                    <u>Plaintiff-Appellant</u>,

          -v-                                    13-430

BRIAN P. TIERNEY, in his individual and official capacity as Police Officer in the Westchester County Department of Public Safety, GEORGE O. RUIZ, in his official capacity as Police Officer in the Westchester County Department of Public Safety, CHRISTIAN M. GUTIERREZ, in his individual and official capacity as Police Officer in the Westchester County Department of Public Safety,

                    <u>Defendants-Appellees</u>,

CITY OF NEW YORK, DOES 1-20, TIMOTHY BUGGE, in his individual capacity and in his official capacity as a Deputy Inspector in the New York Police Department, DEODAT URPRASAD, in his individual capacity and his official capacity as a Captain in the New York City Police Department, ADAM MELLUSI, in

his individual and official capacity as a Sergeant in the New York City Police Department, ROGER DICARLO, in his individual and official capacity as police officer in the New York Police Department, ANDREW MYBERG, in his individual and official capacity as a police officer in the New York Police Department, MITCHELL B. SERLIN, in his individual and official capacity as a Police Officer in the Westchester County Department of Public Safety, CHRISTOPHER M. LIEBERMAN, in his official capacity as Police Officer in the Westchester County Department of Public Safety, MICHAEL N. BRADY, in his official capacity as Police Officer in the Westchester County Department of Public Safety, RICHARD E. PUCILLO, in his official capacity as Police Officer in the Westchester County Department of Public Safety, County of Westchester, WILLIAM T. MCGUINNESS, in his individual and official capacity as a Sergeant in the Westchester County Department of Public Safety,

<u>Defendants</u>.

- - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:      SCOTT J. KOPLIK (Todd J. Krouner, <u>on the brief</u>), Law Office of Todd J. Krouner, Chappaqua, New York.

FOR DEFENDANTS-APPELLEES:      LINDA MARIE TRENTACOSTE, Associate County Attorney, <u>for</u> Robert F. Meehan, Westchester County Attorney, White Plains, New York.

Appeal from the United States District Court for the Southern District of New York (Gardephe, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

-2-

Plaintiff-appellant Frank De Michele appeals from the district court's judgment entered January 2, 2013, pursuant to a jury verdict in favor of defendants-appellees Brian P. Tierney, George O. Ruiz, and Christian M. Gutierrez, dismissing De Michele's claims under 42 U.S.C. § 1983 for, <u>inter alia</u>, the use of excessive force in violation of the Fourth Amendment. De Michele argues on appeal that the district court erred in (1) failing to instruct the jury on a theory of "alternative liability," (2) permitting improper expert testimony, and (3) precluding evidence that the defendants engaged in a cover-up. We assume the parties' familiarity with the facts, procedural history, and issues for review.

## 1. <u>Alternative Liability Jury Instruction</u>

Where there is a factual predicate in the trial record, a district court must give a properly requested jury charge. <u>Anderson v. Branen</u>, 17 F.3d 552, 557 (2d Cir. 1994) ("A litigant is entitled to an instruction on a claim where that claim is supported by evidence of probative value."); <u>cf.</u> <u>McCardle v. Haddad</u>, 131 F.3d 43, 52 (2d Cir. 1997) ("A party is not entitled to have the court give the jury an instruction for which there is no factual predicate in the trial record.").

Here, De Michele requested that the district court instruct the jury on the alternative liability theory as follows:

> Where the conduct of two or more actors causes an injury, and it is proven that harm has been caused to the Plaintiff <u>by only one of them</u>, but there is uncertainty as to which one has caused it, the burden is upon the Defendants Tierney, Gutierrez and Ruiz to prove

-3-

> that none of them has not caused the harm, and that only Captain Urprasad did.

(emphasis added). The language is drawn directly from the Restatement (Second) of Torts, which provides that "[w]here the conduct of two or more actors is tortious, and it is proved that harm has been caused to the plaintiff <u>by only one of them</u>, but there is uncertainty as to which one has caused it, the burden is upon each such actor to prove that he has not caused the harm." Restatement (Second) of Torts § 433B(3) (1965) (emphasis added); <u>cf. In re Agent Orange Prod. Liab. Litig.</u>, 597 F. Supp. 740, 822 (E.D.N.Y. 1984), <u>aff'd sub nom. In re Agent Orange Prod. Liab. Litig. MDL No. 381</u>, 818 F.2d 145 (2d Cir. 1987) (citing <u>Summers v. Tice</u>, 199 P.2d 1 (Cal. 1948)) (noting that alternative liability theory applies where "two or more defendants have independently breached a duty of care owed to [a] plaintiff[], but it is impossible to determine . . . which one caused the injury"); <u>In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig.</u>, 447 F. Supp. 2d 289, 298 n.33 (S.D.N.Y. 2006).

On its face, the alternative liability instruction De Michele requested applies only where one of two or more defendants, and only one, caused his injuries. On the evidence presented, however, no reasonable jury could have found that De Michele's injuries were caused by only a single defendant. Indeed, in response to direct questioning on the subject, De Michele's own expert testified that "[i]t's like getting shot twice. You can't tell which one or both of them caused damage."

-4-

Thus, the district court was correct in concluding that the instruction sought by De Michele lacked factual support.

2. **The Expert Testimony**

"We review a district court's evidentiary rulings for abuse of discretion, and will reverse only for manifest error." Cameron v. City of New York, 598 F.3d 50, 61 (2d Cir. 2010) (internal quotation marks omitted). We find no abuse of discretion here. The district court acted within its discretion in permitting the testimony of Dr. Marc Appel, who relied on De Michele's medical records to provide his expert opinion regarding alternative causes of De Michele's injuries. Dr. Appel testified, for instance, that De Michele's medical records suggested that he did not suffer a torn labrum as a result of his handling during the arrest, contrary to his contentions, and the torn labrum that was later diagnosed was likely caused by physical activities unrelated to his arrest. This was relevant testimony, and Dr. Appel was qualified to give it.

3. **The Alleged Cover-Up**

We similarly find no abuse of discretion in the district court's decision to preclude as irrelevant evidence of an alleged cover-up. De Michele sought to introduce evidence suggesting that the crew of a Westchester police helicopter saw his arrest, but intentionally failed to record that arrest with the helicopter's recording equipment so as to conceal the excessive force allegedly used by defendants Tierney, Ruiz, and Gutierrez. There was, however, as the district court held, "no evidence connecting the alleged cover-up actions of [the

helicopter crew]" to Tierney, Ruiz, or Gutierrez.  Thus, the district court did not abuse its discretion in concluding that the evidence was not relevant to the claims against the defendants on trial.

We have considered all of defendants' remaining arguments and conclude that they are without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk