In an action to recover damages for personal injuries, etc., the defendant Coast Distribution System, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Marber, J.), dated June 12, 2013, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and granted that branch of the cross motion of the defendant Cargo Gifts, Inc., which was for conditional summary judgment on its cross claim for indemnification insofar as asserted against it, and the defendant Land ‘N’ Sea Midwest, Inc., cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it *908 and granted that branch of the cross motion of the defendant Cargo Gifts, Inc., which was for conditional summary judgment on its cross claim for indemnification insofar as asserted against it.
Ordered that the order is affirmed, with one bill of costs payable by the appellant-respondent and the respondent-appellant to the plaintiffs-respondents and the defendant-respondent.
The plaintiff Max Silver (hereinafter the injured plaintiff) allegedly was injured while using a product known as a Wego Kite Tube, an inflatable raft which is designed to be towed behind a motor boat. The Wego Kite Tube was manufactured by the now bankrupt defendant Sportsstuff, Inc. The plaintiff purchased the Wego Kite Tube from Cargo Gifts., Inc. (hereinafter Cargo), which, in turn, had purchased all of the Wego Kite Tubes it sold from two distributors: the defendant Coast Distribution System, Inc. (hereinafter Coast), and the defendant Land ‘N’ Sea Midwest, Inc. (hereinafter Land).
The injured plaintiff, and his wife suing derivatively, commenced this action alleging, inter alia, strict products liability. Subsequently, Coast and Land each separately moved for summary judgment dismissing the complaint and all cross claims insofar as against each of them, asserting that they could not be liable to the plaintiffs because it was impossible to identify which one of them distributed to Cargo the Wego Kite Tube ultimately purchased by the injured plaintiff. In addition, Cargo cross-moved for conditional summary judgment on its cross claims for indemnification against Coast and Land. The Supreme Court denied Coast’s and Land’s respective motions, and granted Cargo’s cross motion.
Coast and Land each failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against each of them. Generally, a plaintiff seeking to recover for injuries sustained due to the use of a product is required to prove that it was the defendant who placed the product that injured him or her into the stream of commerce (see Healey v Firestone Tire & Rubber Co., 87 NY2d 596, 601 [1996]; Hymowitz v Eli Lilly & Co., 73 NY2d 487, 504 [1989]). However, the doctrine of alternative liability is “available in some personal injury cases to permit recovery where the precise identification of a wrongdoer is impossible” (Hymowitz v Eli Lilly & Co., 73 NY2d at 505; see Bichler v Eli Lilly & Co., 55 NY2d 571, 580 n 5 [1982]; Restatement [Second] of Torts: Negligence § 433B).
Under that doctrine, where the conduct of two or more defendants is tortious, and “ ‘it is proved that harm has been *909 caused to the plaintiff by only one of them, but there is uncertainty as to which one,’ ” the burden is placed on those defendants to prove that they did not cause the harm (Bichler v Eli Lilly & Co., 55 NY2d at 580 n 5, quoting Restatement [Second] of Torts: Negligence § 433B [3]). If the defendants cannot meet that burden, they are jointly and severally liable (see Hymowitz v Eli Lilly & Co., 73 NY2d at 506; Lamitie v Emerson Elec. Co.-White Rodgers Div., 241 AD2d 827, 829 [1997]). “Recovery under an alternative liability theory requires joinder of all the parties who could have been responsible for a plaintiff’s injuries” (Bichler v Eli Lilly & Co., 55 NY2d at 580 n 5; see Restatement [Second] of Torts: Negligence § 433B, Comment h).
Here, the Supreme Court correctly determined that the doctrine of alternative liability may be applied in the instant case. It was undisputed that Cargo purchased Wego Kite Tubes from only two distributors — Coast and Land — both of whom have been joined as parties (cf. Hymowitz v Eli Lilly & Co., 73 NY2d at 506; New York Tel. Co. v AAER Sprayed Insulations, 250 AD2d 49, 55-56 [1998]; D’Amico v Manufacturers Hanover Trust Co., 173 AD2d 263 [1991]). Further, it is undisputed that Coast and Land placed into the stream of commerce a product that is alleged to be defective. If it is established at trial that the Wego Kite Tube was defective, then Coast and Land, as distributors of that product, will have acted tortiously “regardless of privity, foreseeability or the exercise of due care” (Godoy v Abamaster of Miami, 302 AD2d 57, 60 [2003]). Finally, it is undisputed that the alleged harm to the plaintiffs has been caused by only one of them, but there is uncertainty as to which one. Under these circumstances, the burden is properly placed on Coast and Land to prove that they did not place into the stream of commerce the product which allegedly caused the plaintiffs’ damages (see Lamitie v Emerson Elec. Co.-White Rodgers Div., 241 AD2d at 829).
We reject the contentions of Coast and Land that the doctrine of alternative liability should not apply in this case because they do not have better access than the plaintiffs to information which might resolve the uncertainty as to which one of them distributed the product purchased by the injured plaintiff. Even assuming that contention were true as a factual matter, we conclude that it does not bar application of the doctrine in this case. The Court of Appeals has indicated that “[t]he central rationale” for this burden-shifting doctrine “is that without this device both defendants will be silent, and plaintiff will not recover; with alternative liability, however, *910 defendants will be forced to speak, and reveal the culpable party” (Hymowitz v Eli Lilly & Co., 73 NY2d at 505). “Consequently, use of the alternative liability doctrine generally requires that the defendants have better access to information than does the plaintiff” (id. [emphasis added]). However, the Court of Appeals identified another rationale for the doctrine, namely, that it is “not unfair” to require defendants to exonerate themselves in situations where “the likelihood that any one of them injured the plaintiff is relatively high” (id. at 506). Here, given the “small number of possible wrongdoers” and concomitantly high probability, as to both Coast and Land, that they injured the plaintiff, it is not unfair to require them to prove that they did not cause the harm (cf. Hymowitz v Eli Lilly & Co., 73 NY2d at 506).
Moreover, the Court of Appeals has recognized that “[t]he paradigm of alternative liability is found in the case of Summers v Tice (33 Cal 2d 80, 199 P2d 1 [1948])” (id. at 505). In that case, the defendants, who were hunting with the plaintiff, carried identical shotguns and ammunition and shot simultaneously at the same bird (see Summers v Tice, 33 Cal 2d at 82-83, 199 P2d at 2). The plaintiff was hit by a shot fired from one of the guns (see id.). The Supreme Court of California held that joint and several liability was properly imposed upon the two defendants under the doctrine now known as alternative liability. As that Court acknowledged in a later case, although Summers indicated that defendants are “ ‘[o]rdinarily . . . in a far better position to offer evidence to determine which one caused the injury,’ ” the opinion in Summers did not conclude that the “two defendants, simultaneously shooting in the same direction, were in a better position than the plaintiff to ascertain whose shot caused the injury” (Sindell v Abbott Labs., 26 Cal 3d 588, 600, 607 P2d 924, 929 [1980], quoting Summers v Tice, 33 Cal 2d at 86, 199 P2d at 4). Thus, in the “paradigm” case for alternative liability, the defendants did not have greater access to information that might establish the identity of the tortfeasor (Hymowitz v Eli Lilly & Co., 73 NY2d at 505).
We similarly conclude that Coast’s and Land’s purported lack of greater access to information identifying the distributor of the subject Wego Kite Tube does not preclude use of the doctrine in this case (see Sindell v Abbott Labs., 26 Cal 3d at 603, 607 P2d at 931). Indeed, failure to apply the burden-shifting doctrine of alternative liability to circumstances such as those presented here might encourage products distributors to remain “silent” by failing to adequately label or track their products, and thereby shielding their identity, as a means of *911 avoiding liability (Hymowitz v Eli Lilly & Co., 73 NY2d at 505).
Accordingly, on their motions for summary judgment, the burden was on Coast and Land to demonstrate, prima facie, that they did not place into the stream of commerce the product that allegedly caused the plaintiffs’ damages. Neither party met that burden, and thus, their motions were properly denied.
Finally, the Supreme Court properly granted Cargo’s cross motion for conditional summary judgment on its cross claims for indemnification (see Pierre-Louis v DeLonghi Am., Inc., 66 AD3d 859 [2009]; Godoy v Abamaster of Miami, 302 AD2d at 60), dependent on whether the plaintiffs can prevail on their claims against Cargo (see Lowe v Dollar Tree Stores, Inc., 40 AD3d 264 [2007]). Skelos, J.P., Hall, Sgroi and Barros, JJ., concur.