Filed 6/11/25; Certified for Publication 7/10/25 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ANTHONY MITCHELL et al., | |
| Plaintiffs and Appellants, | G063331 |
| v. | (Super. Ct. No. 30-2020-01173441) |
| GAIL B. HUTCHINSON, | O P I N I O N |
| Individually and as Trustee, etc., | |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Walter P. Schwarm, Judge. Affirmed.

Law Offices of Gene J. Goldsman, Gene J. Goldsman and Ernest J. Lingenfelter for Plaintiffs and Appellants.

Lewis Brisbois Bisgaard & Smith, Jeffry A. Miller, and Daniel R. Velladao for Defendant and Respondent.

This tort case involves application of the alternative liability theory of causation—first approved by the California Supreme Court in the landmark case of *Summers v. Tice* (1948) 33 Cal.2d 80 (*Summers*)—in the context of a summary judgment motion. While driving his Ferrari on a street in Dana Point, plaintiff Anthony Mitchell ran over and dragged with the underside of his vehicle one or more large rocks[1] that had rolled onto the roadway from the adjacent slope, causing extensive damage to Mitchell's car and unspecified personal injuries.[2] Unable to determine the precise location from which the rocks fell, plaintiffs elected to sue multiple parties, each of whom owns a portion of the slope, for negligence and premises liability, including defendant Gail B. Hutchinson, trustee of the Hutchinson Family Trust (Hutchinson).[3]

---

[1] Plaintiffs refer to the rocks that Mitchell drove over as boulders, and Hutchinson refers to them as rocks. The difference in terminology has no bearing on the resolution of this appeal. Accordingly, for the sake of simplicity and consistency, we refer to them as rocks.

[2] Mitchell's passenger, Scott Sieverts, also was named as a plaintiff in the action. It is unclear from the record what, if any, personal injuries he and Mitchell are alleged to have suffered.

[3] Plaintiffs named Gail B. Hutchinson and the Gail B. Hutchinson Trust as defendants in the action, and alleged both are the owners of certain property adjacent to the roadway where the incident occurred. "[A] trust itself can neither sue nor be sued in its own name. Instead, the real party in interest in litigation involving a trust is always the trustee." (*Presta v. Tepper* (2009) 179 Cal.App.4th 909, 914.) Hutchinson submitted evidence in support of the summary judgment motion that the property is an asset of the trust, which was not disputed by plaintiffs. We assume, therefore, that plaintiffs intended to sue Hutchinson solely in her capacity as trustee.

Hutchinson moved for summary judgment on the issue of causation. The trial court granted the motion and entered judgment in favor of Hutchinson. Plaintiffs appeal that order and the resulting judgment in favor of Hutchinson.

We affirm. Hutchinson met her initial burden pursuant to Code of Civil Procedure section 437c, subdivision (p)(2) of showing plaintiffs cannot prove the element of causation as to both of their causes of action.[4] The burden then shifted to plaintiffs to show the existence of a triable issue of material fact as to (1) whether the rocks came from Hutchinson's property or, alternatively, (2) whether Hutchinson and the other owners of the adjacent hillside acted negligently in maintaining their slopes such that the burden of proof on the issue of causation would shift to defendants at trial under *Summers*. Because plaintiffs did neither, Hutchinson was entitled to summary judgment.

FACTUAL AND PROCEDURAL HISTORY

In their operative first amended complaint filed January 29, 2021, plaintiffs alleged the subject rocks came from "one of" several properties and that defendants "breached their duty of care when they failed to maintain their property . . . to prevent boulders from becoming hazards to motorists by failing to erect fencing or barriers to keep said boulders from rolling down the hill." Plaintiffs further alleged defendants "had notice of the boulders on their property and failed to protect against them rolling into the

---

[4] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

3

below roadway" and that it was "foreseeable that boulders would roll onto the roadway."[5]

After conducting discovery on the issue of causation and securing an expert to opine that "[t]he physical location of the rocks prior to the accident will never be known with any certainty" and the rocks "could have come from any number of properties," Hutchinson moved for summary judgment on plaintiffs' complaint. Plaintiffs opposed the motion and included a declaration from an expert who opined that "the subject rocks . . . likely came from *one of the three* Defendants' properties." (Italics added.)[6] Plaintiffs' expert also opined that the movement of the rocks down the hillside slope was triggered by rain preceding the incident, the rocks entered the roadway "due to unencumbered passage from a lack of barriers and/or landslide suppression methods," and defendants were aware the hillside is prone to releasing rocks due to earth shifting, irrigation, or a myriad of other factors that contribute to loose bedrock.

The motion was heard concurrently with motions for summary judgment filed by the other owners of the adjacent hillside. The trial court granted summary judgment in favor of all of the property owners, including Hutchinson. As to Hutchinson, the court concluded she had met her initial burden on summary judgment and the evidence "show[ed] only that

---

[5] Plaintiffs also sued the city of Dana Point.

[6] We notified the parties of our intent to augment the record on appeal to include plaintiffs' opposition to Hutchinson's motion for summary judgment pursuant to California Rules of Court, rule 8.155(a)(1)(A), and invited the parties to submit supplemental briefing addressing these additional documents. Hutchinson filed supplemental briefing and objected to the augmentation. We overrule the objection.

4

[Hutchinson's] property was a potential source of the rocks that rolled onto the roadway." The trial court also concluded plaintiffs' evidence did not create a triable issue of material fact that defendants negligently maintained their respective properties so as to shift the burden on the issue of causation to defendants.

Plaintiffs timely appealed the order and resulting judgment.

DISCUSSION

I.

STANDARD OF REVIEW

Summary judgment is properly granted if "there is no triable issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." (§ 437c, subd. (c).) "A defendant seeking summary judgment must show that the plaintiff cannot establish at least one element of the cause of action." (*Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618; see § 437c, subd. (p)(2).) If the defendant makes this showing, "the burden shifts to the plaintiff . . . to show that a triable issue of one or more material facts exists as to the cause of action or a defense thereto." (§ 437c, subd. (p)(2).)

"'On review of an order granting or denying summary judgment, we examine the facts presented to the trial court and determine their effect as a matter of law.' [Citation.] We review the entire record, 'considering all the evidence set forth in the moving and opposition papers except that to which objections have been made and sustained.' [Citation.] Evidence presented in opposition to summary judgment is liberally construed, with any doubts about the evidence resolved in favor of the party opposing the motion." (*Regents of the University of California v. Superior Court, supra,* 4 Cal.5th at p. 618.) "Summary judgment is appropriate only 'where no triable issue of

5

material fact exists and the moving party is entitled to judgment as a matter of law.'" (*Ibid.*)

## II.

## THE TRIAL COURT PROPERLY GRANTED SUMMARY JUDGMENT IN FAVOR OF HUTCHINSON

The pleadings frame the issues for summary judgment. (*CDF Firefighters v. Maldonado* (2008) 158 Cal.App.4th 1226, 1237.) Here, plaintiffs alleged causes of action for negligence and premises liability against Hutchinson and the other landowners based on a theory they were joint tortfeasors.

"'[The way in which] the parties moving for, and opposing, summary judgment may each carry their burden of persuasion and/or production depends on *which* [party] would bear *what* burden of proof at trial.'" (*Consumer Cause, Inc. v. SmileCare* (2001) 91 Cal.App.4th 454, 469.) With respect to their claim for negligence, plaintiffs have the burden of proving Hutchinson owed them a legal duty, breached that duty, and the breach was a proximate or legal cause of plaintiffs' injuries. (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 767.) The elements of a claim for premises liability are the same as those for negligence. (*Castellon v. U.S. Bancorp* (2013) 220 Cal.App.4th 994, 998.)

"Generally, the burden falls on the plaintiff to establish causation." (*Rutherford v. Owens-Illinois, Inc.* (1997) 16 Cal.4th 953, 968.) In cases where the evidence shows multiple defendants acted tortiously toward the plaintiffs, however, the burden of proof on causation may shift at trial to the defendants. (*Summers, supra,* 33 Cal.2d 80.) In *Summers,* two hunters negligently fired their guns in the direction of the plaintiff at about the same time. Plaintiff was hit in the eye by a single pellet, and although it was

6

impossible to determine which of the two hunters had fired the shot that struck plaintiff, it was clear only one of them caused the injury. (*Id.* at p. 86.) The California Supreme Court concluded both hunters could be held jointly and severally liable to plaintiff. (*Id.* at pp. 84, 87–88.) As the Supreme Court later explained: "Under the then applicable traditional proximate cause standards, the plaintiff [in *Summers*] would have been unable to establish which defendant had caused his eye injury. To remedy this problem, the lower court shifted to each defendant the burden of proving, if he could, that he was *not* the cause of plaintiff's injury. [The *Summers* court] approved of the procedure." (*Rutherford v. Owens-Illinois, Inc., supra,* 16 Cal.4th at p. 970.)[7]

The key to shifting the burden in alternative causation cases is *proof of defendants' negligence.* "The alternative liability theory acts only to shift the burden of proof from plaintiff to *proven wrongdoers*—plaintiff must still prove that all defendants acted tortiously." (*Dumin v. Owens-Corning Fiberglas Corp.* (1994) 28 Cal.App.4th 650, 657–658.)

In accordance with the requirements of section 437c, subdivision (p)(2), Hutchinson bore the initial burden on summary judgment of showing plaintiffs cannot prove causation. Hutchinson's motion for summary judgment was straightforward and raised the issue of plaintiffs' inability to prove causation, *i.e.*, which of the multiple defendants who owned portions of the hillside were responsible for the rocks rolling onto the road. As the trial

---

[7] "Justice Traynor characterized the *Summers'* shift of the burden of proof as 'based on the policy that it is preferable to hold liable a negligent defendant who did not in fact cause the injury than to deny an innocent plaintiff any remedy when it cannot be determined which of the defendants is responsible for the harm but it appears that one of them was.'" (*Haft v. Lone Palm Hotel* (1970) 3 Cal.3d 756, 774, fn. 19.)

court found, Hutchinson met her initial burden by introducing evidence in the form of deposition testimony and discovery responses, as well as an expert declaration demonstrating there is no way to tell from which property the rocks fell and plaintiffs have no evidence to prove the rocks came from Hutchinson's property.

Because Hutchinson met her initial burden, the burden shifted to plaintiffs to produce admissible evidence sufficient to create a triable issue of material fact as to whether the rocks came from Hutchinson's property or, alternatively, whether the property owner defendants, including Hutchinson, acted tortiously toward plaintiffs. Plaintiffs did neither.

Plaintiffs' expert witness, Dr. Gregory Axten, did not offer any opinion on the origin of the rocks other than that they likely came from *one of three* properties, including Hutchinson's. As to why the rocks rolled onto the roadway, Dr. Axten opined they entered the roadway due to "unencumbered passage from a lack of barriers and/or landslide suppression methods." Plaintiffs submitted an unauthenticated copy of a report entitled, Residential Geologic Evaluation (the Report) as evidence to show Hutchinson was aware the slope was prone to landslide activity. Hutchinson did not object to the admissibility of the Report. Even so, the Report does not support Dr. Axten's conclusion that Hutchinson had notice the slope was prone to landslide activity, and plaintiffs introduced no other evidence to support this opinion. For instance, plaintiffs did not introduce evidence that Hutchinson received the Report or evidence explaining the significance of what it said with respect

to rock slides that may occur some 24 years later.[8] Moreover, the Report showed Hutchinson's property was susceptible to a low propensity for a landslide, and there was no evidence of any rocks rolling down the hillside after 1996 and leading up to the incident.

In addition, although Dr. Axten stated in his declaration he reviewed Hutchinson's deposition testimony and the exhibits to her deposition in preparing his declaration, he did not refer to or attach any testimony by Hutchinson, Hutchinson's deposition transcript was not filed with the opposition, and Dr. Axten did not mention the Report in his declaration and attempt to tie it to his opinions. Accordingly, Dr. Axten's opinion that defendants were on notice the hillside was prone to releasing rocks was without foundation and speculative, and we find no error in the trial court's conclusion that plaintiffs' evidence failed to create a triable issue of material fact that defendants negligently maintained their property. In a summary judgment proceeding, an expert's opinion may be rejected if it is conclusory, speculative or without foundation. (See *Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 769 [discussing trial court's gatekeeping role regarding admissibility of expert testimony]; *Sanchez v. Kern Emergency Medical Transportation Corp.* (2017) 8 Cal.App.5th 146, 155 ["'[A]n expert's opinion based on assumptions of fact without evidentiary support [citation], or on speculative or conjectural factors [citation], has no evidentiary value [citation] and may be excluded from evidence'"]; *Shiffer v. CBS Corp.* (2015) 240 Cal.App.4th 246, 253 ["An

---

[8] Plaintiffs' counsel represented during appellate arguments that Hutchinson's deposition establishes that she at least received the report. Plaintiffs did not, however, submit Hutchinson's deposition testimony as part of their opposition to the summary judgment motion.

9

expert's opinion is only as good as the facts on which it is built"].)

Finally, there was some suggestion by plaintiffs that there was a tattered tarp on the hillside seen by Mitchell and photographed by plaintiffs' expert, but there was no admissible evidence tying this tarp to Hutchinson's property or explaining how the existence of the tarp alone supports plaintiffs' theories of negligence and premises liability. Plaintiffs' argument that the tarp "constituted an attempt, albeit insufficient, at stopping these known rolling rocks" is entirely without foundation and speculative.

Accordingly, plaintiffs' opposition did not shift the burden back to Hutchinson to prove the rocks did not come from her property.[9]

---

[9] Although the court reached the correct conclusion in ruling on the motion, the court incorrectly stated Hutchinson "met [her] initial burden of demonstrating that the rocks in the roadway did not originate from [her] property." The expert declaration submitted by Hutchinson did not actually exclude the possibility the rocks came from her property, but rather stated that "[n]o one can say with certainty that the rocks came from the Hutchinson property." The court's statement is of no consequence, however, because as a matter of law Hutchinson did not have the burden to conclusively negate the issue of causation. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 853.) All Hutchinson needed to do was show that one or more elements of the cause of action cannot be established, which she did.

## DISPOSITION

The judgment is affirmed in favor of respondent Gail B. Hutchinson, trustee of the Hutchinson Family Trust. Respondent to recover her costs on appeal.

GOODING, J.

WE CONCUR:

SANCHEZ, ACTING P. J.

DELANEY, J.

11

Filed 7/10/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ANTHONY MITCHELL et al., | |
| Plaintiffs and Appellants, | G063331 |
| v. | (Super. Ct. No. 30-2020-01173441) |
| GAIL B. HUTCHINSON, Individually and as Trustee, etc., | O R D E R |
| Defendant and Respondent. | |

The Association of Southern California Defense Counsel and the Association of Defense Counsel of Northern California and Nevada, third parties to the litigation, have requested that our opinion, filed June 11, 2025, be certified for publication. It appears that the opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The request is GRANTED.

The opinion is ordered published in the Official Reports.


GOODING, J.

WE CONCUR:


SANCHEZ, ACTING P. J.


DELANEY, J.